82 So.2d 880 (1955)
The MIAMI BEACH UNITED LUTHERAN CHURCH OF THE EPIPHANY, Incorporated, a non-profit corporation of the state of Florida, Appellant,
v.
The CITY OF MIAMI BEACH, Florida, a municipal corporation, Appellee.
Supreme Court of Florida. En Banc.
September 16, 1955.
Rehearing Denied November 7, 1955.
*881 Frank J. Kelly and F.E. Gotthardt, Miami, for appellant.
Ben Shepard, Miami, and Joseph A. Wanick, Miami Beach, for appellee.
THOMAS, Justice.
The chancellor ruled in favor of the defendant-city in a suit for declaratory decree and the plaintiff-church appealed.
The appellant charged that zoning restrictions fastened on property, where it proposed to build a church, were discriminatory, arbitrary, unreasonable and unconstitutional, and sought relief by injunction against the enforcement of the restrictions, or by mandatory injunction directing such change in the classification as would permit the construction.
The city was given specific power under Chapter 9837, Laws of Florida, Special Acts of 1923, to promote the health, safety, morals and general welfare of the citizens by regulating the use of property according to a comprehensive plan. In other words, the city was empowered to zone.
The appellant owns two lots of the total dimensions of 100 x 175 feet on which the church authorities wish to construct a church building. The lots are situated in an "RD" district where no property may be used, and no building may be erected for use, except for single family dwellings, golf courses, accessory buildings such as private garages, and parks, playgrounds, parking areas or municipal buildings owned by the city.
The appellant contends that the use of the property for church services and meetings would dignify the surrounding territory and would not cause any conditions inimical to the purposes intended to be accomplished by the restrictions imposed by the zoning ordinance, enacted by virtue of Chapter 9837, supra.
Whether the relief should be granted by preventive or mandatory measure, the simple question is the right of the appellant to construct a church building in an area restricted to designated uses which do not include churches. Obviously it could not be logically argued that such a structure or use would adversely affect the health or morals of the community; only the safety and general welfare of the citizens are involved. The chancellor thought the provisions of the zoning ordinance were reasonable and bore a substantial relation to the general welfare of the city.
It is well to take a look at the facts established by the testimony before dealing with the law on the subject. Church buildings are permitted in an "RE" or "Multiple-Family District," and property in such districts in the vicinity of the property in question is available. One of appellant's witnesses testified that in most instances the security value of the property would be lessened by being adjacent to a church and that churches should be placed in multiple-family, industrial or business districts. An expert witness, whom the chancellor must have believed, testifying for the appellee, said the construction of a church building *882 on the lots would probably result in rezoning the surrounding property to an "RE" or multiple-family classification.
It seems that the appellant bought the property with knowledge of the zoning restrictions when, as we understand the record, sites for churches were available in other parts of the city. The restrictions were imposed by an ordinance that was presumptively valid, so the appellant in this suit assumed the "extraordinary" burden of alleging and proving that the ordinance was invalid. City of Miami Beach v. Silver, Fla., 67 So.2d 646.
The narrow question is the validity of an ordinance which prohibited the building of a church in an "RD" or single-family area.
We do not find that the appellant has established such a situation as would justify the court's interference with the power reposed in the city by the legislature. The appellee has advanced reasons, we consider sound, for providing, in the interest of the safety and general welfare of the city, that churches be eliminated from the "RD" district.
It is commonly known that generally the activities of the present-day churches are wide and varied as, indeed, they should be. The use of church buildings and facilities is not confined to worship periods on Sunday and mid-weekly prayer meetings. They are often used as places of instruction and entertainment. We do not frown upon these activities; on the contrary we think they should be promoted and encouraged. But we do not agree that because of the merits of these activities it can be said that an infringement of the constitutional rights of the owner results if it is not allowed use of the property for such purposes in the midst of a section of the city which has been restricted, and which the appellee in this instance knew had been restricted, primarily to homes to be occupied by individual families.
Evidently the property is located on a state highway, often heavily travelled. From testimony the chancellor was privileged to believe, the value of the surrounding property would "definitely depreciate" and the comprehensive zoning plan of Miami Beach would be "upset" by the construction of the building. The effect of the rezoning of the property would be a genuine traffic problem which would result from funeral services, wedding ceremonies and other gatherings where large numbers of persons congregate about the same time and disperse about the same time, not to mention the noise that comes from people congregating in large numbers. And the result would be "spot-zoning," described by an expert witness as "the worse thing that can happen to a city * * * in what is a high class residential area."
From a careful study of the record we conclude that there was no occasion for the chancellor to disturb the zoning by granting the preventive or mandatory relief, and that there is no reason for us to disturb his ruling.
Affirmed.
DREW, C.J., and TERRELL, HOBSON, THORNAL and SEBRING, JJ., concur.
ROBERTS, J., agrees to the conclusion.