96 So.2d 784 (1957)
Norton JOSEPHSON, a Taxpayer of the City of Daytona Beach, Florida, on behalf of himself and all other persons similarly situated, Appellant,
v.
Henry AUTREY, Anthony J. Grezik, J. Kermit Coble, Hayward B. Brown, and E.W. Korb, as and constituting the Zoning Board of Appeals of the City of Daytona Beach, Florida; Carl Wetherell, as the duly qualified Building Inspector of the City of Daytona Beach, Florida; The City of Daytona Beach, Florida, a Municipality Organized and existing under the laws of the State of Florida; and Ucal W. Cunningham and Minna L. Cunningham, his wife, Appellees.
Supreme Court of Florida. En Banc.
June 26, 1957.
Rehearing Denied September 21, 1957.
*785 Norton Josephson, in pro. per., for appellant.
Raymond, Wilson & Karl, Daytona Beach, for Ucal W. Cunningham and Minna L. Cunningham.
W.W. Judge, Daytona Beach, for City of Daytona Beach and Carl W. Wetherell, Building Inspector. Anthony J. Grezik, Daytona Beach, for Board of Zoning Appeals of Daytona Beach.
THORNAL, Justice.
Appellant Josephson, plaintiff below, seeks reversal of a final decree dismissing his complaint in a proceeding attacking the validity of the action of a zoning board of appeals purporting to grant a use variance to the appellees Cunningham.
*786 Two points are involved, to wit: (1) under authority to grant a variance, may a zoning board of appeals permit a use prohibited by the zoning ordinance; and (2) the effect of a zoning restriction existing when property is acquired on the claim of the property owner that a hardship exists by virtue of such zoning restriction.
The appellees Cunningham purchased a parcel of land in Daytona Beach. They acquired the land from one Jarrett, paying him $42,500 therefor. Shortly prior thereto Jarrett had acquired the land at a price of $31,500. When the contract to purchase was executed, the property apparently was zoned for residential use. When the deal was closed and the purchase money paid, the municipal zoning ordinance had been amended and the property was placed in a so-called T-1 district which zoned it for motels and tourist accommodations, a less restrictive use. Shortly after acquiring the property, Cunningham applied to the appellee building inspector for a permit to construct a filling station. The permit was denied on the ground that gasoline service stations were not permitted in T-1 districts although they were permitted in T-2 districts. Thereupon Cunningham appealed to the zoning board of appeals. In his application to the appeals board he set out that filling stations were prohibited in T-1 districts; that his property would suffer depreciation in value if he were compelled to use it for purposes authorized in T-1 districts; that this depreciation in value and related potentially reduced income produced a hardship which justified the exercise of the power of the appeals board to grant a variance which would authorize the construction of a filling station on the land.
A hearing was held by the board pursuant to notice. Appellant Josephson whose home is located within 363 feet of the proposed filling station in a residence zone appeared and strenuously objected. After a complete hearing the appeals board was of the view that the authorization of construction of a filling station would not seriously affect surrounding property, that the land of Mr. Cunningham was worth a great deal more for filling station purposes than purposes authorized by the ordinance and that the differences in the value of his land considered in the light of the different uses resulted in a unique hardship that would justify the exercise of variance granting powers. The appeals board authorized the variance and directed the building inspector to issue to Mr. Cunningham a permit to construct a filling station on the land involved.
Appellant Josephson thereupon filed a complaint in the Circuit Court alleging the illegality of the action of the appeals board and contending that the board had no power to grant the variance. He also applied for a temporary injunction. After a hearing on the application for the injunction and the taking of further testimony, the trial judge was of the view that the zoning board of appeals acted within its authority and that its actions should be sustained. The restraining order was denied and the complaint dismissed with prejudice. Reversal of this order is now sought.
It is the contention of the appellant that a zoning board of appeals has no authority to "amend" the basic zoning ordinance under its variance powers by permitting a completely unauthorized use in a zoning district. He further contends that appellees Cunningham failed to establish the existence of a unique hardship sufficient to motivate the exercise of the power of the appeals board.
The appellees contend that the proceeding brought by appellant Josephson was not authorized under the applicable statute. On the merits they contend that the action of the appeals board was supported by the evidence and that the granting of the variance was justified.
At the outset we must dispose of the procedural question. By their briefs, the parties appear to be in accord on the proposition that the municipality had proceeded under Chapter 176, Florida Statutes, F.S.A., which is the general municipal zoning act. *787 The appellees Cunningham point to Section 176.16, Florida Statutes, F.S.A., which provides in substance that any person aggrieved by a decision of a zoning board of adjustment or any taxpayer may present to a court of record his verified petition setting forth the alleged illegal decision of the board and specifying the grounds of illegality. Appellees then emphasize that under Section 176.17, Florida Statutes, F.S.A., the court to whom a petition is presented may allow a writ of certiorari directed to the board to review its decision.
While it is true that the appellant here styled his pleading a "complaint," we cannot find that he failed substantially to comply with the requirements of the applicable statute. We reach this conclusion for the reason that the procedure outlined by the statute is certainly not the orthodox or traditional proceeding by way of certiorari. On the contrary it is in the nature of an original proceeding de novo. The trial court is not limited to a consideration of the record before the appeals board. The judge is authorized to take evidence and make an independent original determination of the correctness of the order of the appeals board. By Section 176.19, Florida Statutes, F.S.A., the judge has the authority to reverse or affirm or modify the decision brought up for review on the basis of the evidence presented to him pursuant to the petition. By section 176.17, Florida Statutes, F.S.A., the court is authorized to grant a restraining order, pendente lite. We therefore, find that in the instant case the appellant moved in substanial accord with the requirements of the applicable statute.
We have on numerous occasions held that persons adversely affected by zoning ordinances or the action of zoning agencies have a status as parties sufficient to entitle them to proceed in court to seek relief. Hartnett v. Austin, Fla. 1956, 93 So.2d 86.
We now proceed to the merits. The ordinance which established the zoning board of appeals endowed the board with the following power, to wit:
"To authorize upon appeal in specific cases such variance from the terms of this ordinance as will not be contrary to the public interest, where, owing to special conditions a literal enforcement of the provisions hereof would result in unnecessary hardship, and so justice done."
Our problem is to determine whether the appeals board has the power to permit a completely nonconforming use under its authority to allow a "variance." While admittedly there are some authorities which appear to the contrary, it is our view that the numerical weight as well as the better-reasoned decisions adhere to the rule that a zoning board of appeals does not have the power to effectuate a pro tanto amendment of the basic zoning ordinance by authorizing a nonconforming use in a zoning district where such use is unauthorized.
Yokley in his Zoning Law and Practice, 2nd ed., Vol. 1, Sec. 140, states the rule to be:
"It is fundamental in construing the powers and duties of a board of appeals that it is limited by its properly delegated powers and that it cannot exercise legislative functions so as by the guise of a variance to really change the law regulating the character and use of certain zones."
We ourselves have in effect so held. Wheeler v. Lautz, 160 Fla. 826, 36 So.2d 915.
There is reason to the rule. The power to restrict the use of private property by the adoption of a zoning ordinance involves an exercise of the police power. It has been sustained on the theory that the individual property owner may be required to suffer reasonable restrictions in the use of his property in the interest of the general welfare. Obviously these restrictions *788 are imposed by the exercise of the legislative authority of the municipality. By the exercise of such authority the zoning ordinance comes into existence. Boards of adjustment or zoning boards of appeals are customarily provided for by the ordinances to examine into situations where strict adherence to the letter of the ordinance would produce a unique or special hardship on the particular property owner. Implicit in this authority to the appeals board is the necessity for a unique hardship as well as a recognition of some restriction that would forestall the exercise of legislative power by a non-legislative agency. Historically, these appeals boards may grant relief in connection with such problems as setback lines, area and height restrictions, sidelot lines and the like when not contrary to the public interest. To endow such a board with the authority to amend the zoning ordinance in particular intsances by authorizing a use of property prohibited by the ordinance itself would be to convey to the appeals board the authority to enact legislation, nullify the decision of the municipal legislative body, and in effect destroy the beneficient results to be obtained by comprehensive zoning. When circumscribed by reasonable bounds the appeals board serves a valid and useful purpose. If granted unrestricted power to amend the zoning ordinance by changing completely the authorized uses of the particular land, the effect would be to transfer the legislative powers of the municipality to this non-legislative administrative agency.
The trial judge apparently relied on our decision in Troup v. Bird, Fla. 1951, 53 So.2d 717, to support the conclusion reached by his final decree. Examination of that decision does not lead us to the conclusion that it supports the decree under assault. In Troup v. Bird, supra, the board of adjustment did not change the basic zoning classification of the particular area involved. It merely relaxed the zoning regulations applicable to such area in order to permit the applicant for the variance to excavate a lake in an area otherwise zoned for residential subdivision uses. The residential use of the area remained the same. The total effect of the opinion was to recognize that a board of adjustment has no power to re-zone under the guise of the variance but that there was no re-zoning requested by the applicant for the variance. We find nothing in our decision in Troup v. Bird, supra, inconsistent with the conclusion which we here reach.
Appellees also refer to State ex rel. Landis v. Valz, 117 Fla. 311, 157 So. 651, as a precedent to support the decree below. This was a quo warranto proceeding by which an effort was made to test the authority of the Jacksonville City Commission to exercise the power to grant a variance permit to establish a racing plant in a Residence B district. Actually all that this opinion held was that quo warranto could not be there employed to test the mere function of an office as distinguished from the title to the office itself. It was concluded that whether the City Commission would in the ultimate actually grant the permit was purely speculative and exceedingly doubtful. The Court did hold that the provision to allow variances did not constitute a delegation of legislative power to re-zone. In so holding the decision is consistent with the great weight of authority. Variance granting powers could not be sustained otherwise. However, when the appeals board undertakes to "rezone" under the guise of granting a "variance" then it is attempting to legislate.
In Tau Alpha Holding Corp. v. Board of Adjustment, 126 Fla. 858, 171 So. 819, the property involved was business property when the surrounding area was zoned residential. It was therefore classified as a "non-comforming" use at the outset. The variance approved was merely the conversion of a wooden business building into a brick business building. The actual "use" of the land was not changed. This *789 case certainly is no precedent for the decree here under attack.
Our view in the instant case is supported by the decisions of the courts of many states. Illustrative of these are the following: Moriarty v. Pozner, 21 N.J. 199, 121 A.2d 527; Clark v. Board of Zoning Appeals, 301 N.Y. 86, 92 N.E.2d 903; Adams v. Board of Zoning Adjustment, Mo. App. 1951, 241 S.W.2d 35; Harrington v. Board of Adjustment, Tex.Civ.App. 1939, 124 S.W.2d 401; Board of Adjustment of City of San Antonio v. Levinson, Tex.Civ.App. 1951, 244 S.W.2d 281. And see Rathkopf, Law of Zoning and Planning (3d Ed.), p. 617; 1 Metzenbaum, Law of Zoning (2d Ed.), p. 699; 8 McQuillin, Municipal Corporations (3d Ed.), Sec. 25.160, p. 280, and Sec. 25.216, p. 417; 62 C.J.S. Municipal Corporations §§ 227(2), 227(11), pp. 505, 534.
Many of the cases from other states which might appear to be contrary to our holding here actually are easily distinguishable on the facts or on the authority granted to the zoning appeals board. For example, if the ordinance here had authorized a filling station in T-1 districts under certain prescribed standards, the result here might be different. The absence of such authorizing provision here is what makes the action of the appeals board legislative in nature. The board actually amended the ordinance pro tanto to permit the unauthorized use.
The final order of the trial judge will have to be reversed for another reason. In order to place in motion the exercise of the variance powers of a board of adjustment, the applicant must show that a strict application of the zoning ordinance produces a unique or unnecessary hardship with reference to his parcel of land. In the instant case the appellees Cunningham acquired the land with full knowledge of the existing zoning restrictions. As a matter of fact, they paid to the seller a substantial profit over and above the amount paid for the land by the seller a short time before. They purchased the property burdened with the provision of the zoning ordinance that restricted its use to tourist accommodations and similar uses. They then appeared before the appeals board and contended "hardship" solely on the basis that the land was not worth what they paid for it burdened by the use restriction which they knew to be in existence when they bought the property.
The authorities are generally in accord on the proposition that in seeking a variance on the ground of a unique or unnecessary hardship, a property owner cannot assert the benefit of a "self-created" hardship. Appellee cites our cases where we have held that a property owner will not be precluded from attacking the basic validity of a zoning ordinance merely because the ordinance was in force when he acquired the property. The situation is entirely different. The invalid ordinance can have no effect whatsoever and its invalidity can be assaulted at any time. The application for a variance permit recognizes the basic validity of the ordinance and seeks the grant of a variance purely on the basis of some hardship peculiar to his particular property. When the owner himself by his own conduct creates the exact hardship which he alleges to exist, he certainly should not be permitted to take advantage of it. On the proposition of the effect of self-created hardships see the following: Garlick v. City of Miami, Fla. 1953, 67 So.2d 440; Miami Beach United Lutheran Church of the Epiphany v. City of Miami Beach, Fla. 1955, 82 So.2d 880; Mayer v. Dade County, Fla. 1955, 82 So.2d 513; Freitag v. Marsh, 280 App.Div. 934, 115 N.Y.S.2d 838; Stevens v. Connor, Sup., 120 N.Y.S.2d 345; Deer-Glen Estates v. Board of Adjustment and Appeal, 39 N.J. Super. 380, 121 A.2d 26; Keller v. Town of Westfield, 39 N.J. Super. 430, 121 A.2d 419; Gleason v. Keswick Improvement Ass'n, Inc., 197 Md. 46, 78 A.2d 164; Caccia v. Zoning Board of Review, R.I. *790 1955, 13 A.2d 870; Newcomb v. Teske, 225 Minn. 223, 30 N.W.2d 354; Rathkopf, Law of Zoning and Planning (3d Ed.), p. 748; 8 McQuillin, Municipal Corporations (3d Ed.), Sec. 25.168, p. 296. Also see City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493.
The decree is reversed and the cause remanded for further proceedings consistent herewith.
THOMAS, HOBSON, ROBERTS and DREW, JJ., concur.
TERRELL, C.J., dissents.
O'CONNELL, J., not participating.