THORNAL, Justice.
Relator Josephson seeks a rule absolute in prohibition to prevent the respondent Honorable P. B. Revels, as Circuit Judge, from considering a mandamus proceeding involving the alleged invalidity of a municipal zoning ordinance.
The determining point is whether the record reveals that the respondent lacks jurisdiction or proposes to exceed his jurisdiction in the mandamus proceeding.
This is the third aspect of a matter that was first before this Court in Josephson v. Autrey, Fla. 1958, 96 So.2d 784. Reference may be had to our opinion in the case last cited for much of the factual background. In that case we held that a board of zoning appeals acting under its variance-granting authority has no power to “re-zone” an area contrary to the provisions of a municipal zoning ordinance. Our original decision did not pass upon the constitutionality vel non of the ordinance under consideration. One Ucal W. Cunningham and wife being the owners of a parcel of land in Daytona Beach had succeeded in .obtaining from the municipal board of zoning appeals a so-called “variance” permit which authorized them to construct a gasoline filling station in an area zoned for residential purposes. The present relator Josephson contested the granting of the “variance” permit and proceeded in the circuit court to obtain review of the order of the board of appeals. Chapter 178, Florida Statutes, F. S.A. The Circuit Judge sustained the ruling of the municipal board. Josephson then appealed to this Court. The order of the Circuit Judge was not superseded. We reversed the decree of the Circuit Judge and returned the cause for further consideration consistent with our opinion.
Upon the filling of our mandate, Josephson requested the Circuit Judge to enter an order directing Cunningham to demolish the filling station which he had constructed on the land pending the appeal. The Circuit Judge declined to enter the requested order but authorized Josephson to amend his complaint in a fashion that would enable him to seek affirmative mandatory relief. He also postponed the entry of the requested mandatory injunctive orders until final consideration of the cause. We affirmed this action of the Circuit Judge in Josephson v. Autry, Fla.1957, 99 So.2d 230. That was the second appearance of the matter here.
Thereafter the Cunninghams filed a separate proceeding against the City of Day-tona Beach seeking a peremptory writ of mandamus directed to the city council to force them to repeal the zoning ordinance under attack and to adopt a particular ordinance that would re-zone the Cunningham property so as to permit the location of the filling station.
The petition for the writ of mandamus alleged the unconstitutionality of the existing ordinance. Josephson was not a party to the mandamus proceeding. He has instituted this original proceeding in prohibition asking this Court to prohibit further consideration of the mandamus proceeding by the Circuit Judge. He levels his contention primarily on the proposition that the action of the Circuit Judge in denying his requested mandatory relief and in taking jurisdiction of the mandamus proceeding constituted a direct violation of our mandate in the first case *815 of Josephson v. Autrey, Fla., 96 So.2d 784. We have issued the rule nisi and have taken jurisdiction of the matter in view of the fact that the basic litigation was previously before this Court and the instant proceeding involves a question relating to the enforcement of our mandate in the prior case. See Armenian Hotel Owners, Inc., v. Kulhanjian, Fla. 1957, 96 So.2d 896.
The rule nisi having issued the respondent has filed his reply and the matter comes before us on an application for a rule absolute.
It is the contention of the relator as pointed out above that the conduct of the litigation by the Circuit Judge does violence to our mandate and that his consideration of the mandamus proceeding results in permitting a collateral assault on the mandate of this Court entered in the companion case.
The respondent takes the position that he has jurisdiction to consider the mandamus proceeding and he indicates by his response that it is his intention to consider transferring the mandamus case to the equity side of the court for appropriate determination of the validity of the zoning ordinance as well to afford the relator an opportunity to intervene in the cause when it reaches the chancery docket.
We dispose of the instant case without passing upon the propriety of the mandamus proceeding instituted by the Cunning-hams to compel municipal legislative action. See City of Coral Gables v. State ex rel. Worley, Fla. 1950, 44 So.2d 298.
We do not deem it appropriate at this time to comment on the procedural correctness of mandamus to enforce municipal action in a situation which in the ultimate might well involve the discretion and certainly the legislative judgment of the city council. Similarly, we do not take into consideration the statements in the reply of the respondent as to the various aspects of the mandamus case which he contemplates considering if permitted to hear the case. We limit our view here entirely to the question of whether prohibition should issue to prevent a Circuit Judge from disposing of a cause properly falling within his jurisdiction and involving parties over whom he has acquired jurisdiction. We do not feel that the consideration of the mandamus proceeding by the Circuit Judge in and of itself does violence to the mandate of this Court entered in the original litigation between relator Josephson and the Cunninghams. A reading of our opinion in the original case will reveal that we did not there undertake to pass upon the constitutionality of the ordinance involved. On the contrary it was pointed out that the constitutionality of the ordinance was not an issue for consideration.
As we interpret the effort now being made by the Cunninghams, they are assaulting the municipal ordinance directly with the contention that it is unreasonable and does violence to their property rights. In the case originally before us they had successfully sought a variance permit from the board of zoning appeals and it was therefore unnecessary for them to make a direct attack on the constitutionality of the ordinance. We pointed out above and emphasize again that we do not here hold that mandamus is the correct procedure for leveling such an assault. We simply hold that the Circuit Judge has jurisdiction of the parties and the subject matter and there is no showing that he proposes to exceed his jurisdiction in any respect. If, in the course of the disposition of the cause, he commits judicial error, that can appropriately be remedied by appeal.
The rule nisi is dismissed and the rule absolute is denied.
TERRELL, C. J., and THOMAS, HOBSON and O’CONNELL, JJ., concur.