PER CURIAM.
Appellant seeks reversal of an order entered by the circuit court quashing a decision of the Board of Adjustment of the North Peninsula Zoning District in Volu-sia County, which order granted a zoning variance to the appellant.
The order of quashal in the trial court was founded on three stated grounds. First, the action of the Board of Adjustment amounted to rezoning rather than a variance and thus was beyond the jurisdiction of the Board of Adjustment. Second, no substantial competent evidence was offered in support of granting the variance. Finally, that the hardship alleged was self-created by the party seeking the variance.
Upon consideration of the record, briefs, and arguments of the parties herein, we are convinced that the trial court erroneously ruled that appellant’s hardship was self-created inasmuch as it is clear that appellant’s ownership of the land in question preceded the enactment of the zoning in question. However, it is our view that the overriding issue presented by the case is whether the action taken by the Board of Adjustment constituted a rezoning of appellant’s property as opposed to the granting of a variance. The criticality of this question is apparent since the Board of Adjustment is not empowered to rezone property, whereas it is empowered to grant variances. We think the distinction between the two is amply set forth in the Supreme Court’s opinion in Josephson v. Autrey, 96 So.2d 784. In Josephson, the court construed the authority of the zoning *561 board of appeals under a grant of authority similar in all material respects to that with which the instant Board of Adjustment is clothed and held that the power to grant variances was not equivalent to the power to effectuate a pro tanto amendment of the basic zoning ordinance by authorizing a nonconforming use in a zoning district where such use is unauthorized. We think this is precisely what the Board of Adjustment attempted to do in the case at bar. Hence, the trial court correctly ruled that the Board of Adjustment exceeded its authority.
Accordingly, the order of the lower court granting certiorari is affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., and SPECTOR, JJ., concur.