308 So.2d 629 (1975)
ALLSTATE MORTGAGE CORPORATION OF FLORIDA, Appellant,
v.
CITY OF MIAMI BEACH et al., Appellees.
No. 74-220.
District Court of Appeal of Florida, Third District.
January 21, 1975.
Rehearing Denied March 12, 1975.
*630 Elliott Miller, Miami, for appellant.
Joseph A. Wanick, City Atty., and Lee Schillinger, Asst. City Atty., Eugene A. Weiss and David Feldman, Miami Beach, for appellees.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
GREEN, ROBERT A., Jr., Associate Judge.
This is an appeal from an order of the Circuit Court denying a petition for writ of certiorari in Case No. 73-24379 and dismissing the complaint with prejudice in Case No. 73-26150, said cases having been consolidated for trial by the Circuit Court.
Appellees Feinbergs purchased the subject residential property for use as a vacation home in 1972. The house had been constructed prior to the enactment of the zoning regulation which requires a twenty foot rear yard set-back. As a result, the rear wall of the Feinbergs' house lies about fifteen feet from the rear lot line. Appellant's property lies, then, fifteen feet from the rear of the Feinbergs' existing house. A little over a year after the purchase, the Feinbergs decided to make this Miami Beach home their primary residence for themselves and their three children. Seeking to enlarge the home with a two story addition to the rear of the home, they applied to the Miami Beach Zoning Board for a variance to allow further encroachment on the twenty foot set-back. This request was denied. The Feinbergs appealed to the Miami Beach Board of Adjustment. *631 After a public hearing at which appellant Allstate objected, along with one other neighbor, the Board approved the variance. The Board made no specific findings of fact. From the record of the public hearing, it appears that the only hardship alleged was construction difficulty due to the irregular shape of the existing house.
The Circuit Court found that there was sufficient evidence before the Zoning Board of Adjustment to enable them to make a decision on the request for a variance. It further found that the issue of hardship to the appellees Feinbergs was a "fairly debatable" issue, that the Board of Adjustment acted within the scope of its authority in finding that hardship existed to the Feinbergs and for that reason granting the variance, thereby denying appellants petition for certiorari and dismissing the complaint with prejudice with regard to Case No. 73-26150.
Upon denial of the petition for a writ of certiorari and the dismissal with prejudice, the petitioner filed his appeal herein, and in his brief raises two points: [1] Did the Circuit Court err in granting a variance from the zoning set-back ordinance when the owner purchased the property only fourteen months prior to the suit and was chargeable with knowledge of the preexisting zoning ordinance; and [2] Did the Circuit Court err in dismissing the complaint seeking declaratory and injunctive relief and damages without granting leave to amend nor taking testimony thereon?
We have jurisdiction over an appeal from a Final Judgment of a Circuit Court denying a petition for writ of certiorari when said writ was sought in that court to review a judgment of an administrative board. Morris v. City of Hialeah, 140 So.2d 615 (3rd DCA Fla. 1962); Wexler v. Ring, 125 So.2d 883 (3d DCA Fla. 1961). The extent of review in this court is not identical with that had in the Circuit Court, acting in its appellate capacity. The appellate process in Florida guarantees the litigant a fair hearing on an appeal as a matter of right, but does not entitle him to a second appeal as a matter of right. Lake v. Lake, 103 So.2d 639 (Fla. 1959); State v. Katz, 108 So.2d 60 (3d DCA Fla. 1959).
The error necessary to result in reversal must be that of the Circuit Court, not of the Board of Adjustment. The extent of the review in this case appeal is limited to whether the Circuit Court applied the applicable law and acted in accordance with established procedure, upon properly raised points. Morris v. City of Hialeah, 140 So.2d 615 (3d DCA Fla. 1962).
We conclude that the Circuit Court erred in applying the "fairly debatable" standard in reviewing the decision of the Board of Adjustment.
The ordinance giving the Board of Adjustment power to grant variances contains this language:
"Where there are practical difficulties or unnecessary hardships in carrying out the strict letter of said Zoning Ordinance, the Board of Adjustment shall have the power in passing upon appeals, to vary or modify any regulations or provisions of such ordinance relating to the use, construction, or alteration of buildings or structures, or use of land, so that the spirit of the Zoning Ordinance shall be observed, public safety and welfare secured, and substantial justice is done." Related Laws of Miami Beach, Section 34. (Emphasis added)
Among the mandated considerations in issuing regulations, the Zoning Board is directed to consider provisions for "adequate light and area", and prevention of the "overcrowding of land". Chapter 9837, Section 3, Laws of Florida.
These provisions of the laws applicable to Miami Beach are analogous to those under consideration in Josephson v. Autrey, wherein the Supreme Court declared:
"In order to place in motion the exercise of the variance powers of a board of adjustment, the applicant must show *632 that a strict application of the zoning ordinance produces a unique or unnecessary hardship with reference to his parcel of land. In the instant case the appellees Cunningham acquired the land with full knowledge of the existing zoning restrictions.
* * * * * *
"The application for a variance permit recognizes the basic validity of the ordinance and seeks the grant of a variance purely on the basis of some hardship peculiar to his particular property. When the owner himself by his own conduct creates the exact hardship which he alleges to exist, he certainly should not be permitted to take advantage of it." Josephson v. Autrey, 96 So.2d 784 (Fla. 1957)
It is true that in Josephson the issue centered on a land use variance, while the issue in the instant case concerns a set-back variance. The zoning ordinance for the City of Miami Beach quoted supra does not attempt to distinguish land use variances from set-back variances. They are, rather, mentioned in the same paragraph and are subject to the same standards for granting a variance. Therefore, we find no reason to distinguish the instant case from Josephson on the basis of the type of variance requested.
It is clear that the Circuit Court erred in its use of the "fairly debatable" standard in reviewing the decision of the Board of Adjustment, rather than the "unique or unnecessary hardship" standard laid down in Josephson.
Furthermore, the equities do not lie with the appellees Feinbergs. They purchased the property subject to all applicable zoning restrictions. The owner of land is chargeable with knowledge of general laws prescribing the manner in which it may be enjoyed or the title thereto affected. McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (Fla. 1926). Therefore, having purchased this land subject to the set-back ordinance, appellees Feinbergs are estopped to assert any hardship created by virtue of the set-back ordinance.
As to the second point on appeal, the Circuit Court's dismissal of the complaint seeking declaratory and injunctive relief and damages must also be reversed. The case is hereby remanded to the Circuit Court with instructions to reconsider the actions of the Board of Adjustment under the standards set forth in this opinion and to render a decision not inconsistent herewith.
Reversed and remanded.
PEARSON, Judge (dissenting).
This is an appeal from a denial of certiorari. I would affirm the circuit judge because I do not think that this record shows that the circuit court failed to apply the applicable law. It seems to me that the majority has re-weighed the equities which were presented before the Zoning Board of Adjustment.
If, as asserted, the circuit court applied the wrong standard in that it used the "fairly debatable" standard which has been applied to legislative action in zoning matters, then we should either return the case to the circuit court or test the quasi-judicial decision by the proper standard. That standard is set out in De Groot v. Sheffield, Fla. 1957, 95 So.2d 912 as "... to determine whether the lower tribunal had before it competent substantial evidence to support its findings ..." I feel that this test was met.