### KEY BISCAYNE PROPERTY TAXPAYERS ASSOCIATION, Inc. et al v. DADE COUNTY.
No. 78-072.

Circuit Court, Dade County, Appellate Division.

October 10, 1978.

158

John G. Fletcher, South Miami, for the petitioners.

Barry Semet of Fine, Jacobson, Block, Goldberg & Semet, Miami, and Stanley B. Price, Assistant County Attorney, for the respondents.

ALAN R. SCHWARTZ, Circuit Judge.

In Dade County v. Beauchamp, 348 So. 2d 53, 55 (Fla. 3rd DCA 1977), cert. den., 355 So. 2d 512 (Fla. 1978), the Third District Court of Appeal required, in effect, that the property involved in this case be rezoned "to a classification not less than 35.9 units per acre;" that is, to classification RU-4M. While that litigation was still pending in the Supreme Court, the landowner and the county reached what the county refers to as a "meeting of the minds" concerning the development of the area; this agreement was embodied in Zoning Resolution No. Z-35-78 which was enacted by the county commission on February 9, 1978 and which is now challenged in this proceeding.[1] Under the resolution, which in fact rezoned the property to RU-4M, the property owner was granted the right to build two buildings of six and thirteen stories each in accordance with plans it had submitted to the county staff. The plans, however, required, and the resolution provided, the granting of a "special exception" to the 50' height limitation provided in the RU-4M zone, and numerous "variances" from pertinent requirements relating to the number of stories permitted, lot coverage, floor area, setbacks and accessory uses.

---

1. We reject the respondents' contention concerning the *individual* petitioners' lack of standing to maintain this action and therefore will consider the case on its merits.

While we agree that there has been no showing of error in the granting of the "special exception" challenged here, see B. S. Enterprises, Inc. v. Dade County, 342 So. 2d 117 (Fla. 3rd DCA 1977); Ollos v. Dade County, 242 So. 2d 468 (Fla. 3rd DCA 1970); we reach a contrary conclusion concerning the "variances" in question and therefore reverse those portions of the resolution which granted them. We do so simply because, as seems to be conceded by everyone, the record shows that there is no legally cognizable "hardship" required both by the terms of the then-applicable Code provision, §633.311(e), and the controlling cases, in order to justify the variances in question. These authorities, notably Josephson v. Autrey, 96 So. 2d 784 (Fla. 1957), and Elwyn v. City of Miami, 113 So. 2d 849 (Fla. 3rd DCA 1959), specifically hold that "variances" may not be sustained in the absence of a non-self created characteristic, or "hardship," of the property in question, which renders it virtually impossible to use the land for the purpose or in the manner for which it is zoned. No such characteristic appears in this record.

The respondents-appellees argue that the "hardship" cases apply only to so-called "use variances," as opposed to the "non-use variances" involved in this case. The law is otherwise. Indeed, the proposed distinction was specifically rejected by the Third District itself, in interpreting similar Miami Beach zoning provisions in Allstate Mortgage Corp. of Florida v. City of Miami Beach, 308 So.2d 629, 632 (Fla. 3rd DCA 1975), where the court said —

> "It is true that in *Josephson* the issue centered on a land use variance, while the issue in the instant case concerns a set-back variance. The zoning ordinance for the City of Miami Beach quoted supra does not attempt to distinguish land use variances from set-back variances. They are, rather, mentioned in the same paragraph and are subject to the same standards for granting a variance. Therefore, we find no reason to distinguish the instant case from *Josephson* on the basis of the type of variance requested."

See also, Snyder v. Waukeska County Zoning Board of Adjustment, 74 Wis. 2d 468, 247 N.W. 2d 98 (1976); Karasik v. City of Highland Park, 264 N.E. 2d 215 (Ill. App. 1970).

The appellees also claim that the prior litigation concerning this property somehow vests the property owner with, at least, the right to the variance as to the number of stories permitted in the area. Again, we disagree. We find nothing in the prior decisions in this case which provides for anything beyond the RU-4M classification, which the owner was granted, but which does not carry with

it the departures from the requirements of that zone which were improperly approved by the commission.

In accordance with these views, paragraphs 9-13 of Dade County Zoning Resolution No. Z-35-78 are hereby reversed and quashed.

Concurring: NESBITT, FERGUSON, JJ.