AQUILINO LOPEZ, Jr., Associate Judge.
The appellants filed a Complaint for Declaratory Decree and Injunction in the lower court alleging among other things that they were the owners of Lot 10 and WjA of Lot 11 in Block 32 of Lakeview Subdivision which is located in Miami Beach, Florida; that at the time of said purchase, the said plaintiffs relied upon zoning laws and deed restrictions requiring all of the lots in said Lakeview Subdivision to be used for single family residences and that the appellants have had a single family residence therein; that all of said Lakeview Subdivision with the exception of the East of Lot 11 and all of Lot 12, which is vacant land, have been fully developed with beautiful and expensive homes occupied by permanent residents including appellants who have spent large sums of money in the improvement of their properties. That on or about September 11, 1956, Harry Singer and his wife, Irving Radin and his wife, and Harry Nadler and his wife, became the owners of Lot 12 and the EJ4 of Lot 11 in said Block 32 of Lakeview Subdivision and that the conveyance was subject to restrictions, conditions, limitations and zoning ordinances of the City of Miami Beach; that afterwards the said Harry Nadler filed, with the Zoning Board of Adjustment of Miami Beach, an application for a variance to permit construction of an apartment-building on Said Lot 12 and E\/z of Lot 11 which petition was not approved; that afterwards the said Singers, Radin and Nadler conveyed said Lot 12 and Ei/i of Lot 11 to Harry Singer and his wife, and Harry Nadler and his wife, and immediately thereafter on February 20, 1957, the said Singers and Nadlers requested the City Council of the City of Miami Beach to rezone said property from RC — single residence, to RE — apartment and hotel site, but at a public hearing on March 20, 1957, the said City Council refused to rezone said property.
The complaint further alleges that on July 17, 1957, the Singers and Nadlers again requested the City Council to rezone the said Lot 12 and E}4 of Lot 11 from “RC” to “RE”, and thereupon the said' City Council set a public hearing for September 18, 1957, which was continued several times until January 15, 1958, when the City Council authorized the rezoning, and Ordinance 1288, changing the zoning of said property alone, was adopted on February 5, 1958.
The complaint further alleges that at the hearing held on January 15, 1958, a member of the Council volunteered the statement, to the attorney representing the appellants for rezoning, that there had been a change in the personnel of the City Council between the hearings in question.
The complaint further alleges that the Nadlers and Singers never filed a written application with the City of Miami Beach setting forth the grounds and reasons for the requested rezoning and that the said ordinance is invalid as it is so vague and indefinite that a legal construction of the same is impossible; that it permits uses inconsistent to those uses permitted in said! *47 Lakeview Subdivision, is in reality spot zoning and is inharmonious with the remainder of said Lakeview Subdivision and neighborhood as the same is a highly restricted residential neighborhood and that it deprives appellants of property without due process of law and has caused great damage to the premises of the appellants and has greatly depreciated the value thereof.
The appellees filed a motion to dismiss the complaint, alleging that the same failed to state a claim upon which relief can be granted, and the Court then entered an order dismissing the complaint without giving the appellants the right to amend.
We think the appellants stated a cause of action and a claim upon which relief could be granted which the appellees should have been required to answer, and therefore the order of dismissal hereby is reversed and the cause remanded for further proceedings.
Reversed.
CARROLL, CHAS., C. J., and PEARSON, L, concur.