131 So.2d 757 (1961)
Albert COLE and Frieda L. Cole, his wife, Appellants,
v.
Kenneth OKA, as Mayor and Councilman of the City of Miami Beach, Florida, Bernard A. Frank, Marcie Lieberman, Harold B. Spaet, Harold Shapiro, Melvin J. Richard, D. Lee Powell, Members of the City Council in and for the City of Miami Beach, Florida, Appellees.
No. 60-608.
District Court of Appeal of Florida. Third District.
June 1, 1961.
Rehearing Denied July 13, 1961.
Morris Berick, Miami Beach, for appellants.
Joseph A. Wanick, City Atty., Miami Beach, for appellees.
Before HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ.
PER CURIAM.
This is the second appearance of this case before this court.[1] In the prior appeal, an order of dismissal was reversed upon the basis that the bill of complaint stated a cause of action and required an answer by the appellees. Upon remand, an answer was filed by the appellees, and testimony and evidence received by the chancellor, resulting in the entry of the order of dismissal appealed. In dismissing the complaint, the chancellor, inter alia, said:

*758 "The Court is still of the opinion that it is wholly unable to decide this case any other way than by substituting its judgment for that of the City Council as to how this property should be zoned. * * *
"If this court is to guess about the matter, it will do so, but as far as deciding the right or wrong of the action of the City Council of Miami Beach in rezoning, especially when the City Council has passed on it both ways, this it is unable to do."
No conclusion was made by the chancellor as to whether the evidence adduced sustained the allegations of the complaint.
After reviewing the record, considering the briefs and hearing oral argument of counsel, we conclude that the evidence supports the allegations and that the appellants are entitled to the relief sought.
The appellants are owners of a single family residence located on Miami Beach in a subdivision known as Lakeview. Under the general zoning ordinance of the City of Miami Beach (ordinance No. 289) the appellants' property and the adjacent property in question were zoned for single family dwelling and remained such for several years. On February 5, 1958, the city council of the City of Miami Beach enacted ordinance No. 1288. This latter ordinance purported to amend the general zoning ordinance as it applied to the property in question, so as to permit the erection of multiple family dwellings such as apartment buildings, hotels, etc. The record reveals that the property in question was purchased by its owners with full knowledge that it was burdened with the provisions of the general zoning ordinance which restricted its use to single family dwellings, and there has been no contention made, nor has any been urged in this court, that any hardship has resulted from the continuance of the zoning under the general zoning ordinance, No. 289.
It has been pointed out that the land in question lies between a single family district and an apartment house district, created by variance and non-conforming use, and that the property in question constitutes a so-called "buffer" between that of the apartment district and the single family district; and it is contended that by reason thereof, and the further fact that the property has remained vacant for a period of years, the rezoning was justified. There is no contention here that the zoning of the property in question, affected by the enactment of ordinance No. 1288, was part of a comprehensive plan zoning; consequently, it would affirmatively appear that the questioned legislation was spot zoning. See Miami Beach United Lutheran Church of the Epiphany v. City of Miami Beach, Fla. 1955, 82 So.2d 880; City of Miami Beach v. Greater Miami Hebrew Academy, Fla.App. 1958, 108 So.2d 50.
The fact that the property in question was acquired with knowledge of the zoning restrictions, and the fact that it bordered on a district where more liberal zoning existed, does not justify the reallocation of the line previously drawn under the general zoning ordinance. As the Supreme Court of Florida, in City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493, 494, said:
"There must be a line drawn somewhere in all zoning ordinances. There must be a line beyond which business houses and hotels cannot be constructed, if there is to be any controlled plan with reference to the growth and development of a municipality along orderly lines."
Certainly if the legislative body desired to rezone properties along a comprehensive line for a municipal purpose, the fact that it drew the line at one point and the property owner desired it at another would not necessarily be an infringement of the rights of the property owner located along the line within the zone. However, on the other hand, to zone a single piece of property that has theretofore been a part of a comprehensive zoning plan without *759 any other reasons than to place it in an adjacent zoning district, is a form of zoning erosion that if permitted would completely emasculate the orderly processes of zoning as we know them. See Yokley, Zoning Law & Practice, 2nd Ed., § 90; 2 Metzenbaum, Law of Zoning, 2nd Ed., Chapter XM(5). Clearly, the municipality is empowered to amend a zoning ordinance if the character and use of a district or the surrounding territory have been so changed since the original zoning ordinance was enacted, that the public health, morals, safety and welfare of the community would be promoted by the amendment, but mere economic gain to the owner of a single piece of property is not sufficient cause to justify the exercise of this amending power. See Miami Shores Village v. Bessemer Properties, Fla. 1951, 54 So.2d 108; City of Miami Beach v. 8701 Collins Ave., Fla. 1954, 77 So.2d 428; Hartnett v. Austin, Fla. 1956, 93 So.2d 86; City of Miami Beach v. Greater Miami Hebrew Academy, supra. Nor can the amendment to the general zoning ordinance be justified as a variance based upon hardship, since any claimed hardship would be unactionable because self-imposed. Josephson v. Autrey, Fla. 1957, 96 So.2d 784; City of Miami Beach v. Greater Miami Hebrew Academy, supra.
Accordingly, the decree appealed is reversed, and the cause is remanded with directions that a final decree be entered permanently enjoining and prohibiting the issuance of a building permit authorizing construction on the property in question of a structure, other than for single family residence as provided under the terms of ordinance No. 289 of the City of Miami Beach, Florida.
Reversed and remanded with directions.

On Petition for Rehearing.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, CHAS., JJ.
PER CURIAM.
Appellees by way of petition for rehearing have directed our attention to certain assertions in this court's opinion which they contend are erroneous, and contrary to the record. We have reviewed the record in light of their contentions and conclude that the assertions in controversy should be stricken.
Accordingly, that portion of the opinion reading as follows: "It has been pointed out that the land in question lies between a single family district and an apartment house district created by variance and non-conforming use, and that this property in question * * *" is amended to read: "It has been pointed out that the land in question lies between a single family district and an apartment house district, and that the property in question * * *."
All other points raised by said petition have been considered, and the court adheres to its prior opinion.
Petition denied.
NOTES
[1] Cole v. Oka, Fla.App. 1958, 107 So.2d 45.