145 So.2d 233 (1962)
Kenneth OKA et al., Petitioners,
v.
Albert COLE et al., Respondents.
No. 31598.
Supreme Court of Florida.
June 27, 1962.
Rehearing Denied October 23, 1962.
*234 Joseph A. Wanick, Miami Beach, for petitioners.
Morris Berick, Miami Beach, for respondents.
DREW, Justice.
Petitioners assert that the district court's decision[1] in this case conflicts with numerous decisions of this Court establishing the rule that a municipal zoning regulation or ruling will not be judicially stricken when its reasonableness or validity is fairly debatable. City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; Segal v. City of Miami, Fla. 1953, 63 So.2d 496; City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442; City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473.
Respondents sought to enjoin issuance of a building permit for construction of a multiple-unit dwelling upon a building lot contiguous to their residence in the City of Miami Beach. This adjoining parcel, originally zoned, as is respondents' property, for single family residence, abutted on its other side boundary upon an area zoned for and occupied by an apartment house. The parcel had, since enactment of the comprehensive zoning plan for the City in 1930, remained vacant and unoccupied, evidence being adduced in this cause to show that the mortgage market for single family residence construction on the site had become extremely limited. Shortly after acquisition of title by the present owners its use classification was upon their request changed by action of the City Council, petitioners in this Court, to permit use for a multiple unit structure because, according to the Council, "a failure so to do would constitute an unconstitutional deprivation of the owners of the land * * * of the beneficial use of their property inasmuch as said property cannot be beneficially used for single family residence purposes." Respondents, in this suit for injunction, proceeded on the theory that the amendatory ordinance was invalid because it resulted in alleged depreciation in value of their neighboring residence and thus deprived them of property without due process of law. The chancellor sustained the ordinance as within the orbit of the Council's legislative power and dismissed the complaint after taking testimony. Upon appeal the decree was reversed and the ordinance declared invalid.
None of the previously decided cases, so far as we can determine, involves a decision upon the same material facts, a *235 circumstance hardly surprising in the field of zoning. This factor, the immense variability of factual premises upon which the propriety of zoning action depends, appears to have been instrumental in the development of the rule of wide legislative latitude followed in our cases. Conceding the difficulty of ascertaining from those cases the precise limits of permissible municipal action, the principle of the cited cases governing judicial interference with that action is quite clear and consistent: if the reasonableness of the legislative classification is fairly debatable it should be upheld. The opinion of the district court in the instant case shows, we think, that the decision rests on other and conflicting principles, permitting a review of the merits of the cause by certiorari in this Court.[2] The conflict of governing principles in this instance could be avoided only by construing the decision in some fashion as a holding that the evidence conclusively (or without grounds for "fair debate") established the lack of economic confiscation or a public as opposed to individual necessity requiring the previous restriction. This we are unable to do for reasons apparent from our discussion of the court's enunciations below, and are not, therefore, faced in this case with a problem of evidentiary evaluation at the outset to determine the jurisdictional issue. In sum, the decisional conflict results not merely from failure to recognize the established rule governing review of such action, or to refer in terms to the "fairly debatable" concept, but also from the application of principles which actually negate, collide with, and depart from the rule defined in the cited cases.
Fundamental to the district court's conclusion is the assertion that an amendatory ordinance is unauthorized in the absence of a change in character and use of an area intervening between enactment of a comprehensive zoning plan and an attempted change or amendment. While such change is often the predicate for an amendment,[3] we find no authority in our decisions or elsewhere to the effect that it is indispensable, that vested rights can accrue to neighboring owners,[4] or that ordinances altering zoning restrictions are to be tested by any standard other than that applicable to zoning classification generally, i.e. that the restriction imposed shall not be arbitrary but reasonably related to the public health, safety or welfare.[5] Certainly a rule of estoppel cannot be read into such decisions as that of Hartnett v. Austin, Fla. 1956, 93 So.2d 86, 90, cited in the opinion in this case, that a neighboring owner had a "right to a continuation of" existing zoning conditions sufficient to allow contest of an amendment by such party, where the particular amendment was invalid as an attempt to legislate by contract.
The facts recited above and amplified in the record evidence indicate that the ordinance in this case was amended on the theory that the existing restriction was confiscatory *236 as applied to the property in question;[6] that public interests required only the lesser restriction; and that there was at least a fair dispute as to whether the amendatory ordinance was harmonious with the comprehensive plan for municipal zoning. The evidence upon these and other relevant issues was, in our opinion, such that reasonable men might differ in their conclusions, and does not warrant judicial condemnation of the action as erosive or spot zoning.[7]
Nor can we find support in reason or authority for the perpetuation of an absolute rule applicable to hardship which is "unactionable because self-imposed."[8] The doctrine was applied in Josephson v. Autrey, Fla. 1957, 96 So.2d 784, to one attempting to obtain a variance from a zoning board whose authority under the enabling ordinance did not encompass the power to amend or determine the validity of a zoning classification, but merely to waive in a particular instance a restriction which was otherwise recognized as valid and effective. The rationale of the decision was that the character of hardship upon which the board's exercise of variance power was conditioned, i.e. "unique or unnecessary," precluded exercise of such power on the basis of "self-created" hardship. The opinion clearly differentiated "our cases where we have held that a property owner will not be precluded from attacking the basic validity of a zoning ordinance merely because the ordinance was in force when he acquired the property," at page 789.[9] Subsequent allusions to self-created hardship, cited in support of the conclusion herein fail to make this distinction, but the decisions are also based, when the issue is material, upon an affirmative finding that the detriment or hardship asserted under a controverted ordinance was not such as to deprive the owner of the beneficial use of his property.[10] We conclude that, while there is confusion on the issue, the cited cases are not authority for application of the rule in this case, and that general law on the subject[11] would permit an exercise of legislative discretion by the governing body of a municipality in the enactment of an otherwise reasonable amendment to a zoning ordinance without regard to the time when title was acquired by the owner seeking amendment.
That discretion was, in this case, exercised to determine not merely that amendment would be of great economic benefit to the owner, but that the existing restriction in fact deprived him of any beneficial use of his property, was not required in the interest of public welfare, and should accordingly be amended. The balancing of relative interests of all parties, where the evidence does not conclusively demonstrate equivalent confiscation of one private property interest for the benefit of another, is within the sound discretion of the authorities charged with this function.
The opinion of the `District Court is quashed with directions that the cause be *237 remanded for entry of judgment for defendants.
ROBERTS, C.J., O'CONNELL, J., and WALKER, Circuit Judge, concur.
THOMAS and THORNAL, JJ., and RAWLS, District Judge, dissent.
THORNAL, Justice (dissenting).
If I could reach the merits I might be inclined to concur in the majority view. However, it appears to me that in the ultimate all that the Court of Appeals decided was that in its view the ordinance under attack constituted "spot zoning" and was therefore unenforceable as such. We have been referred to no prior decision of this Court clearly defining "spot zoning" in order to establish a jurisdictional conflict. In fact, the majority opinion seems to concede the novelty of the instant factual situation in this jurisdiction, and I find no conflict with previously established rules of law. Kyle v. Kyle, Fla., 139 So.2d 885. Whether I would have concurred in the Court of Appeals decision is not determinative of my view as to our jurisdiction. It merely appears to me that under the constitutional limitations on our power to review on the conflict theory, the jurisdictional pre-requisites are here lacking.
I therefore respectfully dissent.
RAWLS, District Judge, concurs.
NOTES
[1] Cole v. Oka, Fla.App. 1961, 131 So.2d 757; Cole v. Oka, Fla.App. 1958, 107 So.2d 45.
[2] Sec. 4, Art. V, Florida Constitution, F.S.A.
[3] Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642.
[4] Anno. 138 A.L.R. 500. The cases treat the related issue of limited estoppel on theory similar to non-conforming use, in favor of one who acts in reliance on permissible use, against confiscatory reclassification of his own property. Cf. City of Miami Beach v. 8701 Collins Avenue, Fla. 1954, 77 So.2d 428, 430.
[5] "* * * If the fairly debatable rule is a sound one, and we have so held, there is no situation in the field of zoning in which it is more applicable than that involving the decision of where the dividing line between use districts should be placed. * * *

"* * * After the legislative body had exercised its judgment on this highly debatable subject and had reclassified the subject property so as to allow hotels and apartments * * * the amendment was entitled to be judged by the same rules as the ordinance originally attacked. * * *"
City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442, 445.
[6] Cf. Forde v. City of Miami Beach, note 3 supra.
[7] The opinions in Miami Beach United Lutheran Church v. City of Miami Beach, Fla. 1955, 82 So.2d 880, and City of Miami Beach v. Greater Miami Hebrew Academy, Fla.App. 1958, 108 So.2d 50, define the terms in relation to factual situations where municipal authorities' refusal to reclassify was sustained.
[8] Opinion of the district court in this cause, Fla.App., 131 So.2d 757, 759.
[9] For certiorari jurisdiction in this Court on the theory of conflict arising out of an opinion ascribing to a previous decision an unfounded principle of law, see Pinkerton-Hays Lumber Co. v. Pope, Fla. 1961, 127 So.2d 441; Tyus v. Apalachicola Northern Railroad Co., Fla. 1961, 130 So.2d 580; McBurnette v. Playground Equip. Corp., Fla. 1962, 137 So.2d 563, opinion filed Feb. 9, 1962.
[10] Green v. City of Miami, Fla.App. 1958, 107 So.2d 390; City of Miami Beach v. Greater Miami Hebrew Academy, Fla.App. 1958, 108 So.2d 50; Elwyn v. City of Miami, Fla. 1959, 113 So.2d 849.
[11] Yokley, Zoning Law & Practice, 2nd Ed., Vol. 1, Sec. 84, 139.