144 So.2d 345 (1962)
SARASOTA COUNTY, Florida, a Political Subdivision of the State of Florida, William D. Clarke, Lillian E. Clarke and Cooke Motor Company, Inc., Appellants,
v.
Frank WALKER, Appellee.
No. 2783.
District Court of Appeal of Florida. Second District.
August 3, 1962.
Rehearing Denied September 24, 1962.
Francis C. Dart of Dart, Bell & Dickinson, and Richard Nelson of Butler & Nelson, Sarasota, for appellants.
Clyde H. Wilson, Sarasota, for appellee.
WHITE, Judge.
Appellants, respondents below, seek reversal of a circuit court order quashing a resolution of the Board of County Commissioners for Sarasota County which rezoned certain lands in that county from R-3 multiple dwelling to C-1 commercial.
Respondents William D. Clarke and Lillian E. Clarke, as owners of the involved area, filed a petition to rezone their land from R-3 to C-1. The subject land is bounded on the north by commercially zoned property, on the south and east by a non-conforming trailer park owned by the petitioner and on the west by mechanical garages and a sheet metal fabricating shop. Thus the area in question was partially surrounded by property either commercially zoned or commercially used. Respondent Cooke Motor Company, Inc, was a prospective purchaser of the subject property. It proposed to erect an automobile agency, used car lot and parking facilities. An automobile body shop was expected to be a part of the complete mechanical garage.
Public hearings pursuant to notice were held before the Sarasota County Planning Commission and a petition for rezoning was approved and the Planning Commission recommended that the proposed rezoning be adopted. Appellee Frank Walker and other residents of the area had objected to the rezoning, particularly the mechanical and automobile body shop activities. A portion *346 of the report of the Planning Commission is here set out:
"The Committee has made a careful study of this area and the proposed development of the Clarke tract as a modern automobile sales agency. It has come to the conclusion that such a development, if carried out in accordance with preliminary plans and statements of intent made at the public hearings, would result in an overall benefit to the surrounding area. It has considered the alternative of continuing haphazard and relatively uncontrolled piecemeal development of the present C-1 frontage and the resultant isolation of the remaining R-3 portion of the tract which would possibly be limited to either the further extension of a non-conforming trailer park or a low-grade rear service area for the commercial frontage. It is the Committee's considered opinion that the development as proposed in this petition is preferred and would be in the public interest."
Public hearing was then duly had before the Board of County Commissioners for Sarasota County. The Board accepted the report of the Planning Commission and approved the petition for rezoning with two conditions:
"1. That Cooke Motor Company, purchaser of the Clarke tract, present suitable construction plans and specifications for a building permit in substantial accordance with the statements of intent submitted in the public hearings on this petition.
"2. That the full approval of water and sewage disposal facilities for the development be obtained from the County Health Department."
Thereafter on December 20, 1960 the Board omitted the two conditions appearing in the planning report but otherwise approved the report and adopted a formal rezoning resolution "in accordance with the comprehensive plan of Sarasota County, Florida." Petitioner Frank Walker then filed his petition for a writ of certiorari in the circuit court attacking the validity of the resolution, and that court entered a formal order quashing the resolution. The said order, here under review, states in part as follows:
"* * * In rezoning a parcel of property from the previous classification it is necessary that it be rezoned upon a showing of change in the area or that the purpose of the rezoning is to revoke or modify provisions which time or application has shown to be unwise or when the Board desires to correct an injustice brought about by the existing ordinance. Nowhere in the resolution of the Board, the transscript of proceedings occurring prior to the resolution and in the recommendation of the committees studying the matter theretofore does there appear to be any finding of a change in the character of the area or of any finding of an error in the original zoning such as would be required to be the proper basis for rezoning. What does appear is a finding that if the proposed improvement is in fact made the following result would be obtained: The development is preferred to what presently exists and would be in the public interest. This satisfies neither of the requirements for rezoning. Thus, the "fairly debatable" rule is inapplicable. Nowhere does there appear to be a basis for the finding that it is in the public interest or for the general welfare of the public but solely that the owner could make use of the property for the purpose prohibited by the original zoning. The term "in accordance with the comprehensive plan" as used in the Board Resolution implies neither a finding of change or that the premises should have been zoned as contemplated in the first instance.
"IT IS, THEREFORE, ORDERED that Resolution No. 60-191 adopted by *347 the Board of County Commissioners of Sarasota County, Florida on December 20, 1960 pursuant to Rezoning Petition No. 174 of William D. Clarke be and the same is hereby quashed." (Emphasis added.)
In DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, 915, the Supreme Court held:
"* * * [C]ertiorari is a discretionary writ bringing up for review by an appellate court the record of an inferior tribunal or agency in a judicial or quasi-judicial proceeding. The writ is available to obtain review in such situations when no other method of appeal is available. * * * In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law." (Emphasis added.)
The "fairly debatable rule" rejected by the circuit court has been stated in this manner: If the question of the validity of a zoning ordinance is fairly debatable, the court should not substitute its judgment for that of the enacting governmental agency. Waring v. Peterson, Fla.App. 1962, 137 So.2d 268, 270; Town of Bay Harbor Islands v. Burk, Fla.App. 1959, 114 So.2d 225, 228; Town of Surside v. Abelson, Fla.App. 1958, 106 So.2d 108; City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148.
Rezoning of property is not a proper function of a court, but is the function of appropriate zoning authorities. Wood v. Twin Lakes Mobile Homes Village, Fla. App. 1960, 123 So.2d 738; Schoenith v. South Miami, Fla.App. 1960, 121 So.2d 810; City of Punta Gorda v. Morningstar, Fla. App. 1959, 110 So.2d 449. In DeCarlo v. Town of West Miami, Fla. 1950, 49 So.2d 596, the Supreme Court of Florida speaking through Justice Roberts stated:
"The administrative boards usually provided for the consideration and review of zoning problems are made up of local people, having the advantage of full local information as to the reasons behind the various zoning regulations. Their findings, while not conclusive, are indeed helpful in the ultimate determination of the rights of the parties. Moreover, the inequalities of a zoning ordinance, if called to the attention of such local administrative boards, may frequently be adjusted at that level. Such boards should, at least, be given an opportunity to afford relief, or state their reasons for not doing so."
In the instant case the local planning commission heard and determined that local conditions would benefit by the proposed rezoning. They determined that such rezoning would be in the public interest and recommended their findings to the Board of County Commissioners. The Board of County Commissioners then adopted a formal resolution approving the rezoning. In quashing the resolution, the court stated that a rezoning requires "a showing of change in the area or that the purpose * * * is to revoke or modify provisions which time or application has shown to be unwise or when the Board desires to correct an injustice brought about by the existing ordinance." These are legitimate causes for rezoning, but they are not all-inclusive. Here the local planning commission was in a peculiarly strategic position to determine whether the proposed change was in the public interest. They were the most familiar with the aims and objectives of the local zoning structure. They were closest to the land and were also the most familiar with the existing conditions of the area. Their findings should not be limited to the foregoing conditions specified in the order here under review.
In Oka v. Cole, Fla. 1962, 145 So.2d 233, recently handed down by the Florida Supreme *348 Court on June 27, 1962 reversing Cole v. Oka, 1961 Fla.App., 131 So.2d 757, it was stated:
"* * * [I]f the reasonableness of the legislative classification is fairly debatable it should be upheld. * * *
"Fundamental to the district court's conclusion is the assertion that an amendatory ordinance is unauthorized in the absence of a change in character and use of an area intervening between enactment of a comprehensive zoning plan and an attempted change or amendment. While such change is often the predicate for an amendment, we find no authority in our decisions or elsewhere to the effect that it is indispensable, that vested rights can accrue to neighboring owners, or that ordinances altering zoning restrictions are to be tested by any standard other than that applicable to zoning classification generally, i.e. that the restriction imposed shall not be arbitrary but reasonably related to the public health, safety or welfare. * * *
* * * * * *
"The facts recited above and amplified in the record evidence indicate that the ordinance in this case was amended on the theory that the existing restriction was confiscatory as applied to the property in question; that public interests required only a lesser restriction; and that there was at least a fair dispute as to whether the amendatory ordinance was harmonious with the comprehensive plan for municipal zoning. The evidence upon these and other relevant issues was, in our opinion, such that reasonable men might differ in their conclusions, and does not warrant judicial condemnation of the action as erosive or spot zoning." (Emphasis added.)
In Siegel v. Adams, Fla. 1950, 44 So.2d 427, Justice Terrell stated:
"Zoning restrictions, like other phases of the law, are subject to removal or change when the reason for them or the circumstances that prompted them ceases. When they become obsolete or run afoul the public welfare would seem to be a good test to prompt the time for change or removal. The public welfare is a concept that broadens with changing times and circumstances and it now embraces many species of regulations that the courts of yesterday would not have brought within its range. There must be a positive showing of physical, economic or social change rather than esthetic or group caprice to justify the release of zoning regulations. Neither will they be released at the behest of community or group pressure, if in doing so constitutional guaranties are undermined."
The courts should exercise caution in quashing a municipal ordinance or resolution by declaring it to be unreasonable, there being a peculiar propriety in permitting the inhabitants of a city through its proper officials to determine what rules are necessary for their own local government. State ex rel. Harkow v. McCarthy, 1936, 126 Fla. 433, 171 So. 314; City of Tacoma v. Keisel, 1912, 68 Wash. 685, 124 P. 137, 40 L.R.A.,N.S., 757. With the increase of size and population of cities, new problems constantly develop which require revisions in the zoning structures within urban areas.
Here the change was not arbitrary or unreasonable. No one has a vested right to require a zoning classification to remain constant, especially in an area of growth and changed conditions. Under the facts of this case the Board of County Commissioners determined at least a fairly debatable question. We therefore must reverse the order of the circuit court quashing the resolution.
Reversed.
KANNER, Acting C.J., and WILLIS, ROBERT E., Associate Judge, concur.