ALLEN, Judge.
Appellants, the Board of County Commissioners of Pinellas County, Florida, and W. C. Metzger, Sr., were respectively respondent and intervenor in proceedings on *486 Writ of Certiorari instituted by appellees. The proceedings in the circuit court were, as noted, on writ of certiorari and culminated in an order quashing the action of appellant Board in granting a requested rezoning of property in an unincorporated area of Pinellas County. The circumstances underlying the proceedings in the lower court are as follow.
In 1960, Builders Finance Company, developers of a subdivision in Pinellas County, applied-fox.,a change in zoning of four lois__in_ the subdivision. The Tüquested change was from R-l, residential single family, 'to C-l,' neighborhood business. This.,applicatiqn was opposed by appellees, owhets_^of property in the subdivision. Both the Examiner andThe Planning' and Zoning Director recommended that the application be denied, although the Examiner’s report admitted that his recommendation resulted from balancing obvious benefits to a majority and detriments to a minority.' The Board of County Commissioners after declining, a request to postpone consideration of the application, denied it.
In 1961, Builders Finance again requested rezoning of the property, although the requested zoning now was NB, neighborhood business, a new and apparently more restrictive business classification. The admitted purpose of the requested rezoning was the installation of a small grocery and food store, a drug store, and a laundromat. Borh — the-Examiner-and the Planning- and. Zoning Department again recommended that_ the application be denied, the latter recommendatioñTerteratmg the grounds for recommendation of denial of the earlier application. The application and recommendations were considered by the Board of GSuiity-^Qinmissioners at several meetings. Proponents'-incT opponents of the change were heard at each meeting and each time the Board failed to reach a decision. Finally, on August 10, 1961, after hearing further argument for and against the change, the Board voted 3-2 to approve the change. Appellees, opponents of the change, instituted certiorari proceedings to review the Board’s action. The writ was issued, the resolution changing the classification was quashed and this appeal ensued.
The “findings” embodied in the order quashing the zoning change are:
“1., That a community need has not been established, nor has any justification been given for the change in zoning sought to be effected by the order of August 10, 1961, of the Board of County Commissioners.
“2. That the property owners surrounding the property -subject to a zoning change may insist that it be clearly established that a substantial change of conditions in the surrounding area has occurred before a change in zoning from residential to neighborhood business can properly be made by a Board charged with such responsibility.
“3. That there is nothing in the record of this cause to indicate that the public health and welfare of the area affected requires that the zoning change sought be made, nor is other justification for such change apparent from the record.
“4. That in granting its order of August 10, 1961, the Board of County Commissioners acted without due consideration of the zoning regulations for unincorporated areas of Pinellas County, Florida.”
An analysis of these findings, upon which the order necessarily rests, impels the conclusion that the cause must be reversed and the action of the Board reinstated.
The findings and implicit conclusions of law embodied in paragraphs 1, 3 and 4 must be read as indicating that there was no substantial competent evidence legally sufficient to support the Board’s conclusion. An examination of the record, particularly the Examiner’s report on the first application and the colloquy at the Board’s meetings, refutes these findings. *487 There was little dispute as to certain benefits to be derived from the rezoning and the opposition was principally concerned with alleged countervailing detriments. From the standpoint of property values or the safety of residents in the area, there was evidence indicating benefits from the rezoning and it was upon this evidence that the Board’s decision rested.
Accordingly, the order ultimately rests on the finding and conclusion of law in paragraph 2, that a substantial change in conditions in the surrounding area must occur before a zoning change can be made. The cases of Friedland v. Hollywood, Fla. App.1961, 130 So.2d 306, and Cole v. Oka, Fla.App.1961, 131 So.2d 757, relied upon by appellee to support this conclusion, are not authority for the proposition advanced. The Friedland case, supra, was concerned with a variance and is inapplicable in the instant cause, while Cole v. Oka, supra, has, since entry of the order in this cause, been reversed by the Supreme Court. Oka v. Cole, Fla.1962, 145 So.2d 233.
In the latter case, referring to the conclusion that a change was necessary to authorize rezoning, the Supreme Court said:
" * * * we find no authority in our decisions or elsewhere to the effect that it [the change in character] is indispensable * * * or that ordinances altering zoning restrictions are to be tested by any standard other than that applicable * * * generally, i. e. that the restriction imposed shall not be arbitrary but reasonably related to the public health, safety or welfare.” (145 So.2d at 235)
Since the decision of the Board turned on substantial evidence relating to the public safety and welfare, it should stand. It is well settled that when the validity of a zoning ordinance is fairly debatable the court should not substitute its judgment for that of the enacting government agency. Sarasota County v. Walker, Fla.App.1962, 144 So.2d 345. See also Town of Surfside v. Abelson, Fla.App.1958, 106 So.2d 108; and Waring v. Peterson, Fla.App.1962, 137 So.2d 268. Accordingly, the order quashing the rezoning is reversed for further proceedings not inconsistent with this opinion.
Reversed.
SHANNON, C. J., and SMITH, J., concur.