171 So.2d 611 (1965)
Ralph EDELSTEIN, Appellant,
v.
DADE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 64-475.
District Court of Appeal of Florida. Third District.
February 16, 1965.
Wepman & Wepman, Miami, for appellant.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant filed two separate petitions for writ of certiorari seeking to have reviewed a zoning resolution of Metropolitan Dade County which resulted in the appellant's property being rezoned from business use to residential use. The appellant on this appeal seeks reversal of a single order denying certiorari on both petitions.
*612 In 1960 a previous owner of the land involved obtained rezoning of the property from residential use to business use. Objectors to this previous rezoning brought two separate actions which proved of no avail. Kelly v. Metropolitan Dade County, Fla.App. 1961, 129 So.2d 714, and McCreary v. Metropolitan Dade County, Fla.App. 1962, 144 So.2d 337.
Subsequently, the appellant purchased the property. Thereafter, the County Planning Department recommended that the property should again be rezoned for residential use. This was done in an attempt to bring it into compliance with overall general plans for the area. Upon application of the Zoning Director, the property was rezoned for residential use.
On this appeal the appellant contends that the County was estopped to make the change because he had relied upon the business zoning when he purchased the property. He further contends that the rezoning is invalid because it restricts the use of the property without a relation to the public welfare, health or morals.
Appellant's contention that the County is estopped cannot be sustained inasmuch as a property owner does not have a vested right in a particular zoning in the absence of the expenditure of money on the land in compliance with existing zoning. Sarasota County v. Walker, Fla.App. 1962, 144 So.2d 345; City of Miami Beach v. 8701 Collins Ave., Fla. 1954, 77 So.2d 428.
On appellant's second point we hold that he has failed to demonstrate a departure by the circuit court from established principles of law. The record reveals that the resolution under consideration in this case, changing the zoning, was enacted in order to protect the area from strip zoning. Authority to do so is within the legislative capacity of the County. See Atlantic Coast Line R.R. v. City of Jacksonville, Fla. 1963, 68 So.2d 570. Furthermore, the change of zoning was not unreasonable under the circumstances and at the most, the question of the reasonableness of the resolution is debatable in which instance the legislative will must prevail. See Chadwick v. Layton, Fla. App. 1963, 150 So.2d 485.
Affirmed.