286 So.2d 614 (1973)
MAILMAN DEVELOPMENT CORPORATION and GAC Corporation, Appellants,
v.
CITY OF HOLLYWOOD, Appellee.
No. 72-1159.
District Court of Appeal of Florida, Fourth District.
November 23, 1973.
Rehearing Denied January 11, 1974.
John R. Lawson, Jr., Hume F. Coleman, W. Daniel Stephens, of Holland & Knight, Tampa, and Abrams, Robbins, Resnick & Schneider, Hollywood, for appellants.
*615 Myron H. Burnstein, Sp. Atty., and B.L. David, City Atty., Hollywood, for appellee.
OWEN, Chief Judge.
By its seven-count amended complaint, appellant sought declaratory judgment, injunction and other relief. This interlocutory appeal was taken from an order dismissing three of the counts without leave to amend.
In 1969, appellant purchased approximately 900 acres of land, 200 acres of which were within the corporate limits of the appellee-City of Hollywood. Appellant planned a development consisting of multiple dwelling units, a shopping center, a hotel, and certain recreational facilities. At that time and by ordinance subsequently adopted in 1970, the property within the corporate limits of the City of Hollywood was zoned so as to permit 60 dwelling units per acre on a portion thereof and 80 dwelling units per acre on other portions. On March 1, 1972, appellee adopted a new zoning ordinance limiting density to 25 dwelling units per acre. This suit was to secure relief from the new ordinance.
Amended Count II alleged that the new ordinance was illegal and void because there had been no changes in the circumstances relating to the zoning needs of the appellee-City between the time of the passage of the earlier ordinances and the passage of the new ordinance. A change of circumstances is not a prerequisite to the validity of an amendment to a zoning ordinance. Oka v. Cole, Fla. 1962, 145 So.2d 233; Chadwick v. Layton, Fla.App. 1963, 150 So.2d 485. Appellant's reliance upon Wager v. City of Green Cove Springs, Fla. 1972, 261 So.2d 827, is misplaced.
Amended Count V alleged that as a result of the adoption of the new ordinance, appellee-City had in effect taken appellant's property without just compensation thereby entitling appellant to a jury trial to determine its compensation. Under our present constitution, Article X, Section 6, F.S.A., no private property shall be taken except for public purposes and with full compensation to the owner. But there is a clear distinction between the appropriation of private property for public use in the exercise of the power of eminent domain, and the regulation of the use of property under the police power exercised to promote the health, morals and safety of the community. State Plant Board v. Smith, Fla. 1959, 110 So.2d 401. See also, 1 Nichols on Eminent Domain (3rd Ed.) pp. 69-70, Section 14.2(2). We hold that enactment of a zoning ordinance under the exercise of police power does not entitle the property owner to seek compensation for the taking of the property through inverse condemnation. Cf., City of Miami v. Romer, Fla. 1952, 58 So.2d 849. If the zoning ordinance as applied to the property involved is arbitrary, unreasonable, discriminatory or confiscatory (as appellant has alleged in other counts still pending before the trial court), the relief available to the property owner is a judicial determination that the ordinance is either invalid, or unenforceable as pertains to plaintiff's property.
Count VII of the amended complaint alleged that the new ordinance was illegal and void because the City Commission failed to give reasonable consideration to the matters prescribed in Section 176.04, F.S. 1971, F.S.A., for the reason that the commission members (because of political obligations having nothing to do with zoning considerations) acted contrary to their convictions and good judgment. The motives of a legislative body in adopting an ordinance, legislative in character, are not the proper subject of judicial inquiry. City of Miami Beach v. Schauer, Fla.App. 1958, 104 So.2d 129 (cert. disch. Fla. 1959, 112 So.2d 838); Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Company, Fla.App. 1958, 108 So.2d 74; Housing Auth. of City of Melbourne v. Richardson, Fla.App. 1967, 196 So.2d 489.
*616 The court did not err in dismissing Counts II, V and VII of the amended complaint, without leave to amend. The order is affirmed.
Affirmed.
WALDEN and CROSS, JJ., concur.