21372

John M. BRABHAM, Appellant, v. CITY OF SUMTER, Respondent.
(274 S. E. (2d) 297)

*Rogers, Riggs & Rickenbaker,* Sumter, *for appellant.*

*Lee, Moise & Erter,* Sumter, *for respondent.*

January 13, 1981.

LEWIS, Chief Justice:

The plaintiff initiated this action seeking money damages for a change in zoning classification of his property, which he alleges resulted in a taking of his property for public use without just compensation. The trial judge sustained a demurrer to the complaint, and plaintiff appeals. We affirm.

Essentially, the appellant's complaint alleges that he advised the defendant on numerous occasions that he would experience irreparable harm, if a new zoning ordinance were adopted. Despite his requests, a new zoning ordinance was

passed and his subsequent efforts for change have been of no avail. His complaint concludes that the resulting loss of use and decline in value of his property are, in essence, a condemnation. On appeal, he argues that the change of classification resulted in a taking of his property for public use without just compensation and, alternatively, a novel question is presented which should not be decided on demurrer. We disagree.

Article I, Section 13 provides in relevant part:

. . . private property shall not be taken . . . for public use without just compensation being first made therefor.

*Gasque v. Town of Conway,* 194 S. C. 15, 8 S. E. (2d) 871, considered the aforementioned provision in the context of a suit for money damages against a municipality for its admitted wrongful refusal to allow the landowner to use the property as a gasoline filling station. While pointing out that a compensable taking within the provision is not always clear, the Court followed the general rule that a taking involves the actual interference with, or the disturbance of, property rights, resulting in injuries which are not merely consequential or incidental.

This principle is controlling and requires a finding that the mere diminution in the market value of land by virtue of adoption of a zoning ordinance does not constitute a taking. See *Mailman Development Corporation, et al. v. City of Hollywood,* 286 So. (2d) 614, cert. den. Fla. Sup. Ct., 293 So. (2d) 717, cert. den. 419 U. S. 844, 95 S. Ct. Fla. App. 77, 42 L. Ed. (2d) 72. The remedy of the property owner is an action to test the constitutionality and reasonableness of the exercise of the police power involved in the zoning. See *Henderson v. City of Greenwood,* 172 S. C. 16, 172 S. E. 689.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.