HERSEY, Judge.
The Pension Board of the City of Hollywood Employees Retirement Fund determined that respondent, Mary Allen, was not entitled to a pension in an amount equivalent to seventy five percent (75%) of her salary, upon becoming permanently disabled, because her disability was not the direct and proximate result of and while in the performance of an act of duty as an employee of the City of Hollywood.-
The Circuit Court reversed for lack of competent substantial evidence to support the findings of the Pension Board and for other related reasons.
By petition for writ of certiorari we are requested to reverse this ruling of the Circuit Court.
The petition contains a summary of the pertinent evidence and attempts to conclude that as a matter of law the findings of the Circuit Court are not supportable. What we are asked to do, in reality, is to reweigh the evidence, to eliminate unjustifiable inferences drawn from that evidence and by that process to determine that the finding of the Pension Board was based upon at least some evidence. We decline to do so.
The Circuit Court, sitting in its review capacity, considers whether procedural due process was afforded, whether the essential requirements of the law were observed and whether there is substantial competent evidence to support the finding under review. City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981).
When the cause reaches this Court for further review by way of certiorari, only procedural due process considerations or failure to observe the essential requirements of the law may properly be raised as grounds for reversal. Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980); City of Deerfield Beach v. Vaillant, supra.
There has bee.n no showing here, either that petitioners were not afforded procedural due process or that the Circuit Court failed to observe the essential requirements of law. On that basis we deny the petition for writ of certiorari.
CERTIORARI DENIED.
LETTS, C. J., and ANSTEAD, J., concur.