SCHEB, Chief Judge.
The City of Naples challenges the trial court’s holding that it acted improperly in refusing to grant Clam Court Marina Trust a zoning variance. We agree with the City’s contention and reverse.
In 1978 appellee, Clam Court Marina Trust, submitted its plans for construction of a thirteen-unit condominium development to the appellant, City of Naples. The condominiums were to be situated on 1.07 acres. The zoning of this land permitted a maximum of twelve units per acre (12 X 1.07 = 12.84 or thirteen permissible units). Since the plans submitted to the City showed that Unit # 13 contained two kitchens and had two independent entries, the City Building Department found it was in reality two dwelling units and refused to issue a building permit for appellee’s proposed development. After the plans were revised to show that a ground floor kitchen was not permitted in Unit # 13, the City issued the permit. However, during construction plumbing and wiring for a second kitchen were installed, and once the unit was occupied, the kitchen facilities were completed.
As constructed Unit # 13 has three floors. The first floor contains living, sleeping, bathroom, and kitchen facilities, has an independent entry from the outside, and is connected to the second floor by a staircase. The second floor contains living, kitchen, and bathroom facilities, and an independent entry from the outside. The third floor contains sleeping and bathroom facilities. The second and third floors are connected by a stairway.
Upon discovering that the second kitchen had been installed, the City’s Community Development Director determined that the first-floor level of the apartment constituted a second dwelling unit. Thus, the director concluded that appellee’s project violated the density restrictions in the City’s zoning code. Appellee appealed the Community Development Director’s interpretation of the zoning ordinance to the Planning Advisory Board and the Naples City Council. Each affirmed the Director’s determination. Appellee then filed a petition with the Board seeking a variance from the City’s minimum lot size requirements to permit a guest house. The Board denied this request, the City Council approved the denial, and appellee sought a writ of certio-rari from the circuit court. The court quashed the City’s denial of the variance request and this appeal ensued.[1]
*477 The trial court found that the City’s determination that appellant’s apartment # 13 constituted two dwelling units was unreasonable, arbitrary, and capricious. We disagree. The City merely applied the definition of dwelling unit found in its ordinances.
Residence is defined in Appendix A in section 14, item 36, of the City Zoning Ordinance as follows:
Residence: A single-family dwelling or a dwelling unit in a multi-family complex, which contains sleeping, bathroom, food, refrigeration, cooking and dining facilities.
The Building Code provides:
Dwelling unit — is a single unit providing complete, independent, living facilities for one or more persons, including permanent provisions for living, sleeping, eating, cooking, and sanitation.
The City determined that the first floor of Unit # 13 met the building code definition of a dwelling unit as well as the zoning ordinance definition of a residence. Yet, the second and third floors together also satisfied the requirements of these two definitions. Therefore, the City’s determination that Unit # 13 constituted two units and as such violated the zoning requirements was in accord with the definitions contained in its ordinances and was neither arbitrary nor capricious. Accordingly, the court erred in overturning the City’s decision. City of Tampa v. Islands Four, Inc., 364 So.2d 738 (Fla.2d DCA 1978).
In addition, we note the City’s denial of appellee’s petition for a variance was reasonable. Section 9 of the City Zoning Ordinance stipulates that certain conditions must be met prior to the granting of a variance. Among them are:
1. The plight of the applicant must be due to unique circumstances not created by him.
2. Special conditions and circumstances must exist which are peculiar to the land or structure involved, and which are not applicable to other lands or structures in the same district.
The City found that these conditions had not been met because appellee created the situation in issue and there were no unique circumstances relative to the property involved. Moreover, appellee was not deprived of rights commonly enjoyed by other landowners in the same district. Thus, as appellee failed to establish its entitlement to a variance under the ordinance, the City correctly denied its petition. City of Miami v. Franklin Leslie, Inc., 179 So.2d 622 (Fla. 3d DCA 1965). Where, as here, there is sufficient, competent evidence to support the decision of a zoning board of adjustment, a reviewing court must not disturb the board’s action. Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979).
Accordingly, we reverse the judgment of the trial court and reinstate appellant’s denial of appellee’s petition for variance.
GRIMES and CAMPBELL, JJ., concur.

. We note that two additional circuit judges participated in this decision which suggests to us that the trial court may have perceived ap-pellee’s petition as one seeking appellate review which, by local rule in the Twentieth Circuit, would be heard by a panel of three judges. Actually, appellee’s petition to the circuit court sought review of the City’s action and was an original proceeding. Thus, we have jurisdiction to review by plenary appeal. Art. V, *477 § 4(b)(1), Fla.Const.; County of Volusia v. Transamerica Business Corp., 392 So.2d 585 (Fla. 5th DCA 1980); United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979).