HERSEY, Judge.
By petition for writ of certiorari petitioner seeks review of a circuit court order reversing the denial by the Fort Lauderdale Board of Adjustment of respondent’s application for a zoning variance.
Respondent Nash owns property in Fort Lauderdale which contains both a single family residence and a structure variously referred to as a tiki hut or patio bar. Be *579 cause this structure encroached upon the rear and side yard setback lines imposed by the city zoning ordinances, Nash applied unsuccessfully for a variance. Thereafter he filed a petition for a writ of certiorari in the circuit court which reversed the action of the Board of Adjustment. No findings, conclusions of law, or reasons were set out in the final judgment entered by the court.
When the circuit court is petitioned for certiorari to review agency action its scope of review is limited to a determination, based on the agency record, as to whether the agency afforded procedural due process, whether the essential requirements of the law were complied with, and whether substantial competent evidence supports the final agency action.
Our review on certiorari from the circuit court is in the nature of a second review and as such is limited to consideration of the first and second elements only. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982).
In the circuit court Nash argued that because other violations of the setback lines existed with impunity, enforcement against him constituted a hardship, and, alternatively, that the tiki hut or patio bar was a structure, not a “building” as that term is defined in the ordinances, and the setbacks therefore do not apply. We must assume that the circuit court based its judgment on one or both of these theories. Both however are fatally flawed.
Certain conditions must be met in order to qualify for a variance on the grounds of hardship.
An “exceptional and unique hardship to the individual landowner, unique to that parcel of property and not shared by property owners in the area, is an essential prerequisite to the granting of a ‘hardship’ zoning variance.” City of Miami v. Franklin Leslie, Inc., Fla.App.1965, 179 So.2d 622, 624. See also Elwyn v. City of Miami, Fla.App.1959, 113 So.2d 849.
Crossroads Lounge, Inc. v. City of Miami, 195 So.2d 232, 234 (Fla. 3d DCA 1967), (emphasis added); City of Naples v. Clam Court Marina Trust, 413 So.2d 475, 477 (Fla. 2d DCA 1982); Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981). On this record Nash has not established a hardship entitling him to a variance from the zoning requirements.
Petitioner’s second position presents somewhat of an anomaly. Although he initiated proceedings for a variance, he now maintains that the patio bar is a structure, not a building, and thus no variance is required because the setback requirements do not apply to structures. This sequence of propositions suffers from an obvious gap in logic. One cannot simultaneously seek a variance while asserting that a variance is unnecessary.
We need not rely on abstractions here as there is a procedural basis for our decision as well. The argument that no violation existed was not made to the Board of Adjustment. The circuit court, on cer-tiorari review, was limited in its examination to the record of proceedings before the board. Thus, the court acted inappropriately by basing its reversal on a theory espoused for the first time in the petition for review. In our view the questions of whether or not the patio bar is a structure rather than a building and whether the setback requirements apply to structures, have never properly been placed in issue in these proceedings. Those determinations are thus precluded in this forum.
We conclude that the circuit court departed from the essential requirements of the law in reversing the action of the Board of Adjustment and therefore grant the petition for writ of certiorari quashing the final judgment.
CERTIORARI GRANTED; JUDGMENT QUASHED.
LETTS, C.J., and DOWNEY, J., concur.