431 So.2d 245 (1983)
James A. SPORL, Ken Carmichael, Marg Henley, Julius Levine, Otto Prochaska, Britton Stamps, and Henry Willett, As and Constituting the Board of Adjustment of the City of Gulf Breeze, Petitioners,
v.
Honorable George E. LOWREY, As One of the Judges of the Circuit Court of the First Judicial Circuit, in and for Santa Rosa County, Florida, Respondent.
No. AR-87.
District Court of Appeal of Florida, First District.
May 6, 1983.
Paul A. Rasmussen, of Eggen, Bowden & Rasmussen, Pensacola, for petitioners.
Kent A. Zaiser, Asst. Atty. Gen., Tallahassee, for respondent.
J. Lofton Westmoreland, of Johnson, Green, Westmoreland & Locklin, Milton, for amicus curiae, Raymond L. Williams.
THOMPSON, Judge.
In this petition for writ of prohibition the Board of Adjustment of the City of Gulf Breeze (the Board), seeks to prohibit the lower court from exercising jurisdiction over a petition for writ of certiorari. We deny the relief requested.
After the Board granted Exxon Corporation certain variances, Raymond L. Williams, a member of the City Council of the City of Gulf Breeze and a citizen, resident, property owner, elector, and taxpayer of the City of Gulf Breeze, filed a petition for writ of certiorari in the Santa Rosa County Circuit Court. Williams argued that the Board's grant of the variances was improper for various reasons which are not germane to the disposition of this petition. The Board argued that the circuit court was without jurisdiction to hear the petition for writ of certiorari because the Board was an agency as defined in § 120.52(1)(b), Fla. Stat., and ultimately requested that the cause be transferred to this court. The circuit court found that the Board is not an agency as defined by § 120.52(1), nor within the purview of §§ 120.68(1),.68(2), Fla. Stat., that § 120.72(1)(a), Fla. Stat. did not repeal § 163.250, Fla. Stat., and concluded that review of the Board's decisions was controlled by § 163.250, which states:
Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any officer, department, board, commission, or bureau of the governing body, may apply to the circuit court in the judicial circuit where the board of adjustment is located for judicial relief within 30 days after rendition of the decision by the board of adjustment. Review in the circuit court shall be either by a trial de novo, which shall be governed by the Florida Rules of Civil Procedure, or by petition for writ of certiorari, which shall be governed by the Florida Appellate Rules. The election of remedies shall lie with the appellant.
We agree with the finding of the trial judge that the Board is not an agency within *246 the purview of chapter 120. Section 120.52(1)(b) defines an agency as:
Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 160, 163, 298, 373, 380, and 582, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II. (emphasis added).
Under this definition, the only agencies within the purview of chapter 120 are state officers, departments or units and regional agencies, boards, districts, and authorities. The only regional or statewide agencies authorized by chapter 163 are regional transportation authorities, §§ 163.565-.572, Fla. Stat., and the advisory council on intergovernmental relations, §§ 163.701-.708, Fla. Stat. Although the Board was created pursuant to chapter 163, it is only a local municipal board and is not a regional or statewide agency. It therefore is not a chapter 120 agency and appellate review of the Board's decisions is controlled by § 163.250 as this section was not repealed by the enactment of chapter 120.
The petition for writ of prohibition is DENIED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH, J., concur.