464 So.2d 1231 (1985)
W. Dean THOMPSON and Molly K. Thompson, Appellants,
v.
PLANNING COMMISSION OF the CITY OF JACKSONVILLE, the City of Jacksonville and Edward J. and Ann C. Grenadier and Lawrence L. and Barbara G. Jaffe, Appellees.
No. AT-417.
District Court of Appeal of Florida, First District.
February 11, 1985.
Rehearing Denied April 3, 1985.
*1234 Christine Rieger Milton and Judity S. Beaubouef of Mahoney, Hadlow & Adams, Jacksonville, for appellants.
William L. Coalson of Greene & Greene, P.A., Jacksonville, for appellees Grenadier and Jaffe, and Dawson A. McQuaig, Gen. Counsel, William Lee Allen, Asst. Counsel, Thomas E. Crowder, Asst. Counsel, Jacksonville, for City of Jacksonville, appellee.
ERVIN, Chief Judge.
Appellants seek review of a final order of the circuit court, denying a petition for writ of certiorari and motion for a preliminary injunction, both of which sought relief from the grant of a parking variance by appellee Planning Commission of the City of Jacksonville (Planning Commission) to appellees, the Jaffes and the Grenadiers (owners). Three issues are raised for our consideration on review:
I. Whether there was competent substantial evidence to support the variance;
II. Whether the trial court erred in using the "fairly debatable" standard to determine the validity of the zoning ordinance and whether to grant certiorari; and
III. Whether the trial court erred in finding that the requisite elements for preliminary injunctive relief were not met by appellants.
Because of the method by which the issues were tried below, we do not answer the first two questions, but address only the last.
With the intention of constructing an office building, the owners purchased a triangular piece of property situated across the street from both an office building and two and one-half acres of land owned by appellants. Plans for a 13,500 square foot, two-story building were developed by the owners' architect, contemplating that the owners would occupy the second floor only, with an estimated sixteen employees, and that the first floor would be leased out as rental office space. The architect calculated that a building having sixteen employees and 13,500 square feet of office space would be required by the municipal zoning code to have 35 parking spaces.[1] Inclusion of the potential first floor tenancy into his calculations raised the figure to a total of 46.25 code-required parking spaces. Realizing that if the building were constructed according to his plans, the property would not accommodate the code's required minimum number of spaces, the architect submitted a variance application[2] to the Planning Commission, requesting "[r]eduction of the required on-site parking from 40 spaces to 30 spaces." The only reason offered for the variance was that "[t]he shape of this parcel prohibits development of the required on-site parking." The application also included the following additional information for the Planning Commission to consider: "Traffic Engineer has agreed to allow applicant to provide parallel parking lane at Salisbury Road, immediately in front of subject property. Such `off-site' parking will provide approx. 9 spaces suitable for the anticipated visitor parking." The Planning Department reviewed the application and forwarded to the Planning Commission its recommendation that the requested variance be denied as it does "not appear to be within the *1235 intent and if not provisions of a zoning variance." (sic)
At the Planning Commission meeting, appellants urged that the municipal zoning code actually required a total of 54, and not 40, on-site parking spaces for 13,500 square feet of office space and sixteen employees, and that a shortage of parking for owners' building would result in traffic problems and overflow parking onto appellants' property across the street. The Planning Commission granted the variance in an order which explained only "that the granting of such variance will not be contrary to the public interest and owing to special conditions a literal enforcement of the provisions of the Zoning Code will result in unnecessary and undue hardship."
In response to motions filed by appellants for a temporary restraining order and for preliminary injunction, the trial court issued a temporary restraining order directing appellees to halt construction of the proposed building. Meanwhile, appellants filed in the circuit court a petition for writ of certiorari, seeking revocation of the building permit issued by the city to the owners, and requesting the court to vacate the Planning Commission's order granting the variance, along with a complaint for injunctive relief to prohibit the owners from proceeding with construction until they received a building permit not based on the improper parking variance.
Prior to a hearing scheduled for consideration of the motion for preliminary injunction, appellants unsuccessfully attempted by motion in limine to limit the evidence to the record before the Planning Commission, with the exception of allowing extrinsic evidence on the issue of irreparable harm to appellants. Although, in the exercise of its certiorari jurisdiction, the court should have been restricted to a review of the record of the proceeding before the Planning Commission, the court, in its role of trier of the equitable issues, conducted a trial de novo.[3]
At the hearing, the testimony of a member of the Planning Commission indicated that at no time prior to granting the variance did the Planning Commission make an independent verification of the number of code-required parking spaces set forth in owners' application. The application itself failed to reflect the figures for square footage and occupancy of the proposed building necessary to calculate the parking in accordance with the zoning code. The witness stated that the only reference made at the Planning Commission meeting to any hardship which might result to owners upon literal enforcement of the zoning code provisions related to the triangular shape and cost of the property.
The chief of the city's Building and Zoning Inspection Division (Division), who was present at the Planning Commission meeting in an advisory capacity for the purpose of offering interpretations of the municipal zoning code, testified that he did not have problems with the requested variance, but admitted that he did not verify whether the owners' representation as to the code-required spaces actually complied with the code. The Division employee who reviewed the owners' application for a building permit made no calculation of the required number of parking spaces, and testified that the availability of off-site parking should not be considered in determining if proposals for parking are in compliance with the code.
The circuit court's order denying the motion for preliminary injunction reflects that the hearing on the application for preliminary *1236 injunction was consolidated with the petition for writ of certiorari. The court's order determined the following: that appellants failed to meet the requisite elements for preliminary injunctive relief; that the Planning Commission's order granting the variance includes an implied finding as to all factors necessary to that conclusion so that formal written findings as to each factual determination are not essential; and that "[t]he question of the required number of parking spaces ... is one the Court considers to be fairly debatable, one in which reasonable people might and do differ". Accordingly, the court denied both the petition for certiorari and the application for preliminary injunction.
Pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B), we have certiorari jurisdiction to review final orders of circuit courts acting in their review capacity. In such capacity we are limited to the question of whether the circuit court departed from the essential requirements of the law in denying certiorari, and we may not substitute our judgment for that of the circuit court. See City of Hollywood Employees Retirement Fund v. Allen, 412 So.2d 2 (Fla. 4th DCA 1981). Thus, to review the circuit court's denial of the petition for certiorari, we should have to treat Issues I and II before us on petition for writ of certiorari. Although it would seem that appellants could not properly seek both remedies  injunction and certiorari  and should have been required to make an election, such election is apparently not mandated by the Jacksonville Municipal Code. If Section 163.250, Florida Statutes, were applicable, appellants would have been required to seek review in circuit court either by a trial de novo or by a petition for writ of certiorari. That statute provides, "The election of remedies shall lie with the appellant." The City of Jacksonville, however, is not bound by section 163.250 in that it has not taken "formal suitable action declaring its election to proceed under [sections 163.XXX-XXX-XXXX]," as required by Section 163.315, Florida Statutes, and has not exercised "any or all of the powers granted under [sections 163.XXX-XXX-XXXX] ... [by the] passage of an appropriate ordinance to that effect by the governing body." Section 163.175(1), Florida Statutes. Notwithstanding the absence of any requirement to elect, the posture of the case before us clearly does not limit our review to those questions raised by certiorari, because the lower court's efforts were directed primarily to deciding de novo the appropriateness of the request for injunctive relief. Indeed, nearly the entire record before us relates to the testimony and evidence received de novo. Accordingly, if we were to agree with appellants' position as to Issue III, relating to the court's error in denying appellants' motion for preliminary injunction, it would be unnecessary for us to address Issues I and II. Since we find error occurred on such ground, we reverse as to Issue III only, thereby rendering moot any further discussion of those issues raised by certiorari.
In so concluding, we recognize that the issuance of a preliminary injunction is an extraordinary remedy which should be granted sparingly, which must be based upon a showing of the following criteria: (1) The likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) considerations of the public interest. See Islandia Condominium Association, Inc. v. Vermut, 438 So.2d 89 (Fla. 4th DCA 1983); Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981). This court may not interfere with the trial court's ruling on the motion for preliminary injunction unless there is a showing of "a clear abuse of discretion or a clearly improper ruling". Reinhold Construction, Inc. v. City Council for City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983). The burden is upon appellants to demonstrate error.
Appellants offered uncontradicted testimony that construction of the proposed office building with inadequate on-site parking facilities would burden their property and the road between the parties' *1237 properties with overflow parking from owners' property, thereby creating unsightly clutter and traffic congestion. Our review of the trial transcript reveals that appellants made a showing of a reasonable probability, as distinguished from a bare possibility, that their property's market value would decline due to the owners' inadequate parking facilities and consequential overflow. Moreover, as property owners situated immediately across the street from the owners, appellants "have a right to rely on existing zoning conditions and they have a right to a continuation of these conditions in the absence of a showing" that the variance is proper. Friedland v. City of Hollywood, 130 So.2d 306, 309 (Fla. 2d DCA 1961). If the owners have not made the proper showing for a variance, appellants' rights will be irreparably harmed.
The owners respond that even if appellants' property would decline in market value, such damages can be reasonably measured, and appellants would therefore have an adequate remedy at law in an action for damages. At trial, two experts in appraising real estate testified on the question of measuring appellants' damages. One expert, after assuming first that the owners' property would have a parking shortage of a certain number of spaces, and second, that those employees and clients of the owners' building without assigned spaces would automatically park on appellants' property, stated that he could measure, within reason, appellants' damages. The other expert testified that the latter assumption was strictly conjectural, thereby precluding him from estimating damages. From our review of the entire record, it appears that there was no competent, substantial evidence to support the owners' claim that damages could be adequately measured. There are simply too many uncertainties and variables involved, including the conjectural assumption mentioned above, the questionable number of code-required parking spaces, the number and type of occupants of the owners' office building, the extent of parking necessary to sustain the businesses within the office building and the possibility that a subsequent owner of the building, to whom the variance could be transferred, might require a greater commercial use of the building, with a corresponding greater number of parking spaces to accommodate such increased use. Given these factors, calculations of appellants' money damages would be speculative, thereby establishing the inadequacy of a legal remedy. See Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735, 738-739 (Fla. 3d DCA 1982). We therefore reject the lower court's implicit finding of the existence of a remedy by means of an action for damages.
The third element required for a preliminary injunction is substantial likelihood of success on the merits. This element, as applied to the facts before us, involves a consideration of whether the Planning Commission properly granted the variance to the owners. Pursuant to the Jacksonville Municipal Code, the Planning Commission may grant a variance if it is not contrary to the public interest, and if, "owing to special conditions, a literal enforcement of the provisions of the Zoning Code will result in unnecessary and undue hardship." Section 704.105(b)(1). Specifically, appellants assert that the Planning Commission could not and did not find unnecessary and undue hardship in considering the owners' application.
The necessity of proving unnecessary hardship in order to obtain a variance is well settled in Florida. See e.g., Nance v. Town of Indialantic, 419 So.2d 1041 (Fla. 1982); Ft. Lauderdale Board of Adjustment v. Nash, 425 So.2d 578 (Fla. 4th DCA 1982). The requisite hardship may not be found unless there is a showing that under present zoning, no reasonable use can be made of the property. Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA 1959). Although the owners applied for the variance because the property's shape prohibited development of the required on-site *1238 parking, there was substantial, competent evidence that the owners could use the property for other commercial purposes under its current zoning classification. Moreover, under Florida case law and the Jacksonville Municipal Code[4], a self-created hardship cannot constitute the basis for a variance. Josephson v. Autrey, 96 So.2d 784 (Fla. 1957); Allstate Mortgage Corporation of Florida v. City of Miami Beach, 308 So.2d 629 (Fla. 3d DCA 1975). The alleged hardship falls into the category of self-created hardship. Before purchasing the property, the owners were fully aware of its shape and size, but still designed a building which was too large for the lot, leaving insufficient room for code-required parking. The hardship arose solely from their own conduct and expectations. Allstate Mortgage Corporation, 308 So.2d at 632; Elwyn, 113 So.2d at 852. In that there was no unnecessary hardship proven by the owners, appellants have demonstrated a substantial likelihood of success on the merits.
Finally, enforcement of legitimate zoning regulations is in the public interest. Clarke v. Morgan, 327 So.2d 769 (Fla. 1975). The granting of preliminary injunctive relief against an improperly granted variance serves the public interest. Potential traffic-flow problems caused by inadequate on-site parking is clearly a matter of public concern.
We conclude that appellants sufficiently demonstrated that the trial court's denial of the motion for preliminary injunction was an abuse of discretion, and accordingly, we reverse on that issue.
REVERSED and REMANDED for further consistent proceedings.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] Section 708.612(e)(3) of the Jacksonville Municipal Code requires, "Professional and business offices (other than medical or dental): One space for each five hundred square feet of gross floor space, plus one space for each two occupants or employees."
[2] Section 704.105(b)(1) of the Jacksonville Municipal Code provides: "The Planning Commission may grant variances which are found to not be contrary to the public interest and without which, owing to special conditions, a literal enforcement of the provisions of the Zoning Code will result in unnecessary and undue hardship."
[3] In an age in which the district courts of appeal routinely review direct appeals of agency action under Chapter 120, it seems somewhat anomalous that the orders of municipal planning commissions must first be subjected to scrutiny by a circuit court, here by both certiorari and suit for injunctive relief, requiring in part a de novo hearing before the trial court of issues that were considered first by the Commission. It would seem that the ideal method of reviewing the Planning Commission's final action would be by direct appeal to the district court. Regrettably that course of action is not available. The Planning Commission is not an agency as defined by Section 120.52(1)(b) or (c), Florida Statutes. Accord, Sporl v. Lowrey, 431 So.2d 245 (Fla. 1st DCA 1983).
[4] Section 708.101(vvvv) of the Jacksonville Municipal Code provides: "A variance is a relaxation of the terms of this Zoning Code which will not be contrary to the public interest and where, owing to conditions peculiar to the property and not the result of the actions of the applicant, a literal enforcement of this Zoning Code would result in unnecessary and undue hardship." (e.s.)