# TOWER FORTY-ONE ASSOCIATION, INC. v ZONING BOARD OF ADJUSTMENT OF THE CITY OF MIAMI BEACH

## Case No. 85-256-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

September 18, 1986

### APPEARANCES OF COUNSEL

**Richard J. Burton** and **Joyce M. Siemon** for petitioner.

**Arnold M. Weiner,** City Attorney, and **M. Louise Barret,** Chief Deputy City Attorney, City of Miami Beach, for respondent.

Before Henderson, Robinson, Greenbaum, JJ.

## OPINION OF THE COURT

STEVEN D. ROBINSON, Judge.

This case is before this Court on Petition for Certiorari to review the granting of five variances by the Miami Beach Zoning Board of Adjustment. The scope of review is limited to a determination, based on the agency record, as to whether the agency afforded procedural due process, whether the essential requirements of law were complied with and whether substantial competent evidence supports the final agency action. *Fort Lauderdale Board of Adjustment v. Nash*, 425 So.2d 578 (Fla. 4th DCA 1982). The existence of procedural due process is not being questioned.

*Town of Indialantic v. Nance*, 400 So.2d 37 (Fla. 5th DCA 1981), aff'd, 419 So.2d 1041 (Fla. 1982), holds that this Court must assess whether the authority had before it competent evidence to support its findings. This process of review insures that "the authority's determination must stand." 400 So.2d at 40.[1]

This Court has searched the record at the public hearing, the materials in the City's original and supplemental appendixes and finds a lack of evidence to support its Order of August 2, 1985, the subject of this petition. The Order allowed "waiving all the required 11 feet north side yard setback at ground level; waiving all of the required 10 feet north side yard setback at lower level; waiving requirement prohibiting any structure in a corner; [and] waiving 75 parking spaces of 456".

The subject property is located at 280 Arthur Godfrey Road, Miami Beach, Florida, across Arthur Godfrey Road from the Petitioner, Tower Forty One Association, Inc.

To support the variances the Board made findings as follows:

That special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district, to wit:

That granting the variance requested will not confer on the applicant any special privilege that is denied by this Ordinance to other lands, buildings, or structures in the same zoning district;

---

[1] The fairly debatable test is advanced by the dissent as the standard of review in this case. *Town of Indialantic v. Nance*, 40 So.2d at 39, clearly holds that the "test purports to prevent courts from substituting its judgment with regard to zoning ordinance enactments for that of the zoning authority." The "test is limited to a review of a municipality's 'legislative' zoning decisions."

The literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same zoning district under the terms of this Ordinance and would work unnecessary and undue hardship on the applicant;

That the variance granted is the minimum variance that will make possible the reasonable use of the land, building or structure;

That the granting of the variance will be in harmony with the general intent and purposes of this Ordinance and that such variance will not be injurious to the area involved or otherwise detrimental to the public welfare.

Specific factual findings are not stated. Instead findings are made in conclusionary language, disapproved in *Harrington Glen, Inc. v. Municipal Board of Adjustment,* 52 N.J. 22, 243 A.2d 233, 236 (1968). At times this Court has had to speculate on possible factual substantiations.

Argument has been made that the subject property is irregularly shaped and narrow so that a variance would be justified under *City of Coral Gables v. Geary,* 383 So.2d 1127 (Fla. 4th DCA 1980). Yet no evidence was presented why this condition justified any of the variances, and no evidence shows why a special and unique design was necessary. The hardship letter of March 15, 1985, only alleges that the design is required for an "appropriate use of the property". No amplification was offered at the public hearing. There was no showing that a smaller building would necessitate the variances. In fact at an earlier hearing before the City Commission granting the C-4 zoning classification, the owner proposed a plan that did not require major variances.[2]

The Court realizes that there is only a ninety-one foot wide lot. No evidence was presented at the hearing as to why it was necessary to eliminate the north setback other than the point made in the March 15, 1985 letter. According to testimony at the hearing this building will be the second largest office building on Miami Beach. Other buildings therefore, logically, have been built with economic viability with smaller dimensions on larger lots. In fairness, there may be some hardships not apparent to this Court, but this Court cannot assume their existence. On this record the applicant has not established a hardship entitling it to a variance as to setbacks. The applicant was not shown to have a hardship exceptional and unique

[2] Commission minutes, 7/21/82, p. 71, Appendix II to Petition for Writ of Certiorari.

to the individual landowner and not shared by property owners in the area. *Fort Lauderdale Board of Adjustment v. Nash*, 425 So.2d at 579; *Elwyn v. City of Miami*, 113 So.2d 849 (Fla. 3d DCA 1959), cert. den., 116 So.2d 773 (1959).

As to the parking space requirement, the hardship letter only states: "it would be uneconomic for the developers to attempt to include more parking within the design and would put them at a competitive disadvantage to other business and office properties in the vicinity who are utilizing the public parking which has been provided." However, economic disadvantage does not constitute a hardship sufficient to warrant the granting of a variance. *Burger King Corporation v. Metropolitan Dade County*, 349 So.2d 210 (Fla. 3d DCA 1977); *Elwyn v. City of Miami*, 113 So.2d at 849.

As to the variance for a structural column at the corner of Pine Tree Drive and Arthur Godfrey Road, there is no justification in the record except that the column alleviates the hardship of building a smaller structure, an invalid hardship under the cases previously cited.

The applicants did not show that there was not any reasonable use of the property without granting of the variances as required by *Thompson v. Planning Commission of the City of Jacksonville*, 464 So.2d 1231 (Fla. 1st DCA 1985). Applicant's attorney, asserted that there was a severe limitation on the use of the valuable property (T-56), not an inability to use it under the zoning classification.

The specific findings of the Zoning Board of Adjustment require individual discussion.

1. There is insufficient evidence that the special conditions and circumstances justifying the variance do not result from the action of the applicant. (T-56-57) The property was purchased with zoning and in fact consists of only part of two lots originally designed for residential use. The lots were adequate for that use. In fact the Moulin Rouge Motel was on the property at purchase. The applicant chose to rezone and therefore created any hardship in the use himself. "Variances may not be sustained in the absence of a non-self created . . . hardship . . . which renders it virtually impossible to use the land." *Hemisphere Equity Realty Co. v. Key Biscayne Taxpayers Assoc.*, 369 So.2d 996, 1001 (Fla. 3d DCA 1979); 464 So.2d at 1231. In Thompson, the owner-applicant was prohibited from designing a building too large for the lot because he was aware of the size of the lot before purchasing it. This contrasts with *City of Coral Gables v. Geary*, 383 So. 2d at 1127, where the lot had a

triangular shape which made it entirely unsuitable to be developed in accordance with existing regulations.

2. Agreeing with the City, this Court finds that the variance requested will not confer any special privilege that is denied by this Ordinance to other lands, buildings or structures, in the same zoning district.

3. To grant a variance there must be shown by an applicant that the literal interpretation of the provisions of the ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same zoning district and would work unnecessary and undue hardship. The applicant argued that the nature of the land created hardship. However the Court has shown earlier in this opinion that evidence does not support the existence of a legally recognized hardship.

4. The question of whether the variance granted is the minimum variance that will make possible the reasonable use of the land, building or structure was not actually addressed at the hearing. The hardship letter admitted that the setbacks were only aesthetically necessary.

5. As to the requirement in the ordinance that the variance will not be injurious to the area involved or otherwise detrimental to the public welfare, this Court finds that there was competent evidence to justify the Board's findings, that the variance will not be injurious or detrimental. However, this finding alone is insufficient to allow granting of a variance.

Instead of considering the requirements of its ordinance, the Board discussed the economic importance of the project for Miami Beach and the reasonableness of granting variances and requiring promises from the developer in exchange. Doing this, the Board abused its discretion, which doesn't allow it to legislate, and ignored the criteria, above listed, which should have been followed in making its decision. Thus there was non-compliance with the essential requirements of law.

Based on the foregoing, the Petition for a Writ of Certiorari is granted, and the Order of the Zoning Board of Adjustment of the City of Miami Beach, dated August 2, 1985, in Case No. 1678, in Re: Application of One Financial Plaza, is quashed and declared to be null and void.

HENDERSON, J., concurs.

GREENBAUM, Judge, dissents.

165

This matter comes before the Court on the Petitioner's Writ of Certiorari. The Petitioners, participants in the proceedings before the Zoning Board of Adjustment of the City of Miami Beach, have moved this Court to review and quash that decision of the Zoning Board granting a variance, upon the application of One Financial Plaza, permitting commercial and office space in a manner nonconforming to the existing zoning code of Miami Beach without an appropriate pleading or showing of lawful reason for said variance.

The standard of review for a Petition for a Writ of Certiorari is whether or not the administrative agency had before it competent substantial evidence to support its decisions which must be in accordance with essential requirements of law. *City of Miami Shores v. Barad*, 448 SO.2d 510 (Fla. 3d DCA 1983); *Metropolitan Dade County v. Mingo*, 339 So.2d 302 (Fla. 3d DCA 1976) and *De Groot v. Sheffield*, 95 So.2d 912 (Fla. 1957).

It is a well settled principle of law that a decision of a lower tribunal comes to the appellate court clothes in a presumption of correctness. *Taylor Creek Village Assoc. v. Houghton*, 349 So.2d 1219 (Fla. 3d DCA 1977). This tribunal does not have the right or the authority to try this matter de novo. It has been stipulated by the parties and even by the majority opinion that the essential requirements of procedural due process have been met. The majority opinion raises issues not raised by the Petitioners, reviews each issue and finds them unacceptable by the majority members of this court.

The law does not permit that procedure. All zoning resolutions and all matters coming before this tribunal are clothed in a presumption of correctness.

The Petitioners bear the burden of proving that the zoning resolution was not a fairly debatable issue before the Zoning Board of Adjustment. They have not met that burden nor have they even addressed the question. It is a basic precept of law that if there is any competent substantive evidence to support the findings of the lower tribunal, the petition for writ of certiorari must be denied. The court must then look to whether or not the issue presented is fairly debatable. The conclusion of the lower tribunal should not be interfered with by the court unless it is arbitrarily and unreasonably applied to a particular piece of property. *Smith v. City of Miami Beach*, 213 SO.2d 281 (Fla. 3d DCA 1968).

The test used in Florida is whether a particular resolution as applied to a particular piece of property is "fairly debatable", i.e., whether the constitutional test of serving health, safety morals or general

166

welfare of the public is open to dispute or controversy on grounds that make sense and is fairly debatable; if so, the Court should not substitute its judgment for that of the zoning authority (legislative body). Further still, even though there may be competent evidence against the reasonableness of a resolution, it is only necessary that the resolution be supported by competent substantial evidence to show that the matter is fairly debatable.

As stated in *Broward County v. Capeletti Brothers, Inc.*, 375 So.2d 313, 315 (Fla. 4th DCA 1979):

Where the question of public interests to be served remains fairly debatable, the courts are not empowered to act as super zoning boards substituting their judgment for that of the legislative and administrative bodies exercising legitimate objectives. (Citation omitted).

The Petitioners have the burden of proof of showing conclusively and without question that the issues presented to the Zoning Board of Adjustment were not fairly debatable issues. The burden of proof is not on the Respondent to show that the damage to the Petitioner is of such a nature as he would have been deprived of his constitutional and/or procedural rights. Having objectly failed to accomplish this, this court may not substitute its judgment for that of the lower tribunal. In the instant case, the records show by the opinion of the majority decision that the issue was fairly debatable and therefore the Petitioners have objectly failed to meet the burden prescribed by law.

The majority opinion allows rhetoric and political posturing to take the place of substantive law. By doing that, they are substituting their dislike for the posturing in the political pronouncements of the Zoning Board.

The majority has concluded that this is incentive zoning. This has been declared constitutional and acceptable and is proper provided it is authorized by legislation which applies to all owners within an applicable district. *Bay View Investments, Inc v. Grigsby*, 219 So.2d 760 (Fla. 2d DCA 1969). The variance that emanates from this zoning ordinance is proper and fitting. The lower tribunal had an evidentiary hearing which demonstrated that the actions of the lower tribunal were neither arbitrary nor capricious and bore a substantial relation to vehicular traffic and any problem emanating therefrom. In so doing, all the conditions requisite to the protection of all the inhabitants of the community under the police powers were met.

It is evidence that the Petitioners have found no legal precedent to support the assertion that the position of the lower tribunal is contrary

167

to the case law of the State of Florida or any jurisdiction of the United States.

The majority decision does not quite understand the nature of what is a fairly debatable doctrine.

Zoning resolutions, like other municipal resolutions, are presumed valid and should not be interefered with by the courts unless they are arbitrarily and unreasonably applied to a particular piece of property. *Smith v. City of Miami Beach*, 213 So.2d 281 (Fla. 3d DCA 1968); *Dade County v. United Resources, Inc.*, 374 So.2d 1046, 1049 (Fla. 3d DCA 1979).

The resolution is not being attacked. The resolution is not in question. Therefore, if the resolution is not in question, then that which flows from it has met the due process procedural aspects that are required under the ordinance.

Therefore, I would quash the Petition for Writ of Certiorari and affirm the zoning decision of the Board of Adjustment of the City of Miami Beach.