PER CURIAM.
Shands at Lake Shore, Inc. appeals a nonfinal order granting an emergency temporary injunction in favor of Dr. Frank Ferrero. We conclude that Dr. Ferrero was not entitled to temporary injunctive relief because he failed to show that he is likely to prevail on the merits of the case. Accordingly, we reverse. .
On March 15, 2004, Dr. Ferrero submitted his application to the hospital for reappointment to the medical staff. During the application process, the hospital learned that Dr. Ferrero had not maintained continuous malpractice insurance coverage, as mandated by its bylaws. Dr. Ferrero’s insurance coverage expired on October 1, 2003, and he did not obtain other coverage until December 9, 2003. However, his new coverage only indemnified him for occurrences that took place after the policy starting date and did not include “tail coverage,” which would have covered any claims made after the termination of his old policy where the attending incident occurred prior to the policy termination.
The hospital informed Dr. Ferrero in writing that if he did not obtain tail coverage for, at a minimum, the period prior to October 1, 2004, the hospital would deem his application voluntarily withdrawn. In response, Dr. Ferrero filed a complaint and a motion for emergency temporary injunction seeking to enjoin the hospital from suspending, revoking, terminating, non-renewing, or otherwise interfering with his medical staff privileges.
After an evidentiary hearing, the trial court entered an order granting the injunction. In so doing, the court erred.
“[T]he issuance of a preliminary injunction is an extraordinary remedy which should be granted sparingly, [and] which must be based upon a showing of the following criteria: (1) The likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) *1039 consideration of public interest.” City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 752 (Fla. 1st DCA 1994)(quoting Thompson v. Planning Comm’n, 464 So.2d 1231, 1236 (Fla. 1st DCA 1985)). In the present case, Dr. Ferrero contends that he is entitled to staff privileges under the hospital bylaws even though he did not maintain continuous insurance coverage. This point, although arguable, does not appear to be consistent with the plain wording of the hospital’s bylaws. Consequently, we are unable to accept the trial court’s conclusion that Dr. Ferrero showed a likelihood of success on the merits of the single claim raised in the complaint.
Reversed.
WEBSTER, PADOVANO and HAWKES, JJ., concur.